## Lucero et al. *v.* Los Herederos de Vilá.

Apelación procedente de la Corte de Distrito de Ponce.

No. 438.—Resuelto en febrero 11, 1911.

Alegaciones—Excepciones—Falta de Capacidad—Defensor Judicial.—No habiéndose hecho parte de los autos de este caso los procedimientos seguidos para el nombramiento del defensor judicial cuya capacidad se impugna, es de presumirse que tal nombramiento ha sido hecho con arreglo a ley.

Id.—Defecto de Partes Demandadas—Albaceas.—Las disposiciones de los artículos 65 y 66 de la Ley de Procedimientos Legales Especiales de marzo 9, 1905, se refieren al caso en que se impugne la validez de un testamento por falta de cumplimiento de algunas de las formalidades legales, o por falta de capacidad en el testador para testar, pero no tienen aplicación al caso en que se ejercite la acción de ineficacia de institución de heredero, por preterición de un heredero forzoso, al efecto de exigir que se haga figurar como parte en el juicio al albacea, y aún en el supuesto de que aquellas disposiciones sean aplicables a este último caso, no es necesario que el albacea figure como parte demandada sino cuando lo sea de otro testamento que se alegue ser del finado y cuya validez se pretenda probar o destruir.

Id.—Acumulación de Acciones—Acciones Derivadas de Otras.—Aunque no hay disposición que autorice la acumulación de las acciones de filiación, reconocimiento de derechos consiguientes a dicha filiación, y nulidad de testamento en cuanto lastime esos derechos en la parte que tengan de sucesorios, como esas acciones están íntimamente relacionadas entre sí, pues la tercera se deriva de la segunda y ésta de la primera, no hay objeción en sostener su acumulación.

Id.—Apelación—Errores o Defectos en los Procedimientos que no Perjudiquen los Derechos de las Partes.—La acumulación improcedente de varias acciones en una misma demanda no es motivo suficiente por sí solo para la revocación de la sentencia en apelación, si no hubiere causado perjuicio alguno al demandado por ser una misma la prueba acumulada de todas las acciones, y derivarse, éstas, unas de las otras.

Hijos Ilegítimos—Derechos de Filiación—Ley que Debe Regularlos.—Los derechos de filiación de los hijos ilegítimos deben regularse por la legislación vigente en la época de su nacimiento, y por consiguiente, las condiciones que según el Código Civil Revisado, han de concurrir en ellos para ser reputados como naturales, no afectan, ni en pro, ni en daño, a los nacidos bajo el régimen de la legislación anterior, cualquiera que sea la época de su reconocimiento, pues esas condiciones son esenciales e inherentes a su propia personalidad, y constituyendo esencialmente la personalidad del sujeto desde el instante en que nace, tal personalidad es la que tiene que servir de base para la adquisición de toda clase de derechos, por lo que, a fin de dar efecto al nuevo derecho consignado en el Código Revisado y convertir en hijos naturales los que no lo eran, ni podían serlo, bajo la legislación anterior, es necesario que se disponga explícitamente, no obstante lo dispuesto en la regla primera de las disposiciones transitorias de dicho Código, que no es aplicable en estos casos.

Id.—Aun siendo de aplicación a estos casos los preceptos de la regla primera de las disposiciones transitorias del Código Civil Revisado, nunca podrían acogerse a ella los hijos ilegítimos nacidos bajo el régimen de las legislación anterior para exigir su reconocimiento como tales hijos, porque ese derecho establecido por primera vez en el Código Revisado se opone. o perjudica a otros derechos nacidos o adquiridos al amparo de dicha legislación anterior, a favor del padre y sus causahabientes, tales como los que se derivan de los artículos 138, 139, 140 y 141 del Código Civil español.

Id.—Los hijos ilegítimos reconocidos, nacidos bajo el régimen del Código Civil Revisado, tienen derecho indiscutible a la declaración judicial de tal reconocimiento y a llevar el apellido de su padre, pero no pueden pretender heredarle por testamento.

Id.—Hijos Naturales.—Los hijos ilegítimos no tienen derechos hereditarios en la sucesión testada, pues tales derechos solo se reconocen por la ley sobre herencia de marzo 9, 1905, a los hijos naturales legalmente reconocidos, entendiéndose por tales, a los efectos de dicha ley, los nacidos fuera de matrimonio, de padres que, al tiempo de la concepción de aquéllos, pudieran casarse sin dispensa o con ella, siendo por consiguiente más restringido el concepto de hijo natural que el de hijo ilegítimo, y no pudiendo dárseles, en modo alguno, la misma significación y alcance.

Apelación—Pruebas—Prueba de Carácter Cumulativo.—La admisión improcedente de prueba, cuando ésta tenga carácter cumulativo, y haya otra prueba para establecer los hechos sobre que aquélla versara, no es motivo suficiente por sí solo para justificar la revocación de la sentencia.

Id.—Admisión de Retratos o Fotografías Como Prueba.—Los retratos o fotografías son admisibles como prueba en juicio, siempre que se identifiquen debidamente como representativos de las personas a las cuales se refieran.

Id.—Apreciación de Prueba Contradictoria.—La apreciación que la corte inferior hubiere hecho en los casos de pruebas contradictorias, debe ser aceptada por el tribunal de apelación, a no ser que se demuestre que al hacer tal apreciación dicha corte, actuó movida por pasión, prejuicio o parcialidad, o que incurrió en manifiesto error.

Los hechos están expresados en la opinión.

Abogado de los demandados: *Sr. Julio M. Padilla.*

Abogado de los demandantes: *Sr. José Tous Soto.*

El Juez Presidente, Sr. Hernández, emitió la opinión del tribunal.

Con fecha 29 de octubre de 1908, Carmen, Lucía y José Lucero, representados por su defensor judicial Ramón Dapena Pacheco, y bajo la dirección del Letrado José Tous Soto, presentaron demanda jurada ante la Corte de Distrito del Distrito Judicial de Ponce, contra los herederos de José Vilá y Soler, nombrados María de la Paz Palermo, Guillermo, Francisco, Salvador, María y Antonio Vilá y Palermo, con súplica de que se declarara por sentencia que los demandantes son hijos ilegítimos reconocidos de José Vilá y Soler, que tienen derecho como tales a llevar el apellido Vilá y a heredar cada uno de ellos la mitad de lo que corresponda a cada uno de los hijos legítimos no mejorados, y que es nulo el testamento otorgado por José Vilá y Soler, en atención a haberse preterido en él a los demandantes como herederos forzosos.

Las alegaciones fundamentales de la demanda son las siguientes:

1ª. Que José Vilá y Soler falleció en la Ciudad de Ponce el día cinco de Agosto de 1908, bajo testamento que otorgó en el mismo año, en el que instituyó por sus únicos y universales herederos a su consorte María de la Paz Palermo y a los hijos legítimos de ambos llamados Guillermo, Francisco, Salvador, María y Antonio, quienes han aceptado la herencia dejada por Vilá y entrado en posesión de ella.

2ª. Que José Vilá y Soler procreó durante su vida en su unión con Dolores Lucero a los demandantes, de los cuales Carmen nació en 11 de septiembre de 1899, Lucía en 25 de marzo de 1902 y José el 3 de agosto de 1906.

3ª. Que José Vilá y Soler, en el momento de nacer y ser concebidos los demandantes, vivía en concubinato con Dolores Lucero, atendiendo a la subsistencia de ésta y de los hijos, a los que trataba como tales, y viviendo con ellos bajo el mismo techo.

4ª. Que José Vilá y Soler en su último testamento no dejó cantidad alguna a sus hijos ilegítimos antes mencionados.

5ª. Que la corte de Ponce por orden de 28 de octubre de 1908 nombró defensor de los menores demandantes a Ramón Dapena Pacheco.

A la anterior demanda opusieron los demandados como excepciones previas las siguientes:

1ª. Falta de capacidad en los demandantes, porque siendo estos hijos ilegítimos reconocidos de Dolores Lucero, ésta no los representa, sin motivo alguno que lo justifique.

2ª. Defectos de partes demandadas, porque ejercitándose la acción de nulidad de testamento, no se demanda a los albaceas, que deben ser tenidos como partes en el juicio, según el artículo 66 de la Ley de Procedimientos Especiales.

3ª. Indebida acumulación de las acciones de filiación, de inoficioso testamento y de petición de herencia, que no pueden ejercitarse dentro del mismo procedimiento.

4ª. Falta de hechos suficientes en la demanda para constituir causa de acción.

La corte de Ponce, por resolución de 27 de enero de 1909, declaró sin lugar todas las excepciones previas con costas a los demandados a quienes concedió diez días para contestar.

Los demandados, al contestar la demanda, negaron todas las alegaciones en ella contenidas, excepto la primera que admitieron como cierta, y la cuarta en cuanto establece que José Vilá y Soler en su último testamento no dejó cantidad alguna a los demandantes.

Agregaron los demandados que Vilá y Soler en su testamento nombró como albacea a María de la Paz Palermo, que con tal carácter no ha sido demandada ni emplazada; que en las fechas en que se dice nacieron los demandantes estaba Vilá y Soler casado en legítimas nupcias con María de la Paz Palermo, de cuyo matrimonio nacieron los hijos legítimos enumerados en la demanda, y que en la fecha de la interposición de la demanda la madre de los demandantes no tenía motivo alguno legal que le impidiera representar a sus hijos,

ni ella pidió a la corte que se les nombrara defensor, ni tal petición se hizó por los menores interesados, ni por el Fiscal.

Como segunda defensa establecieron los demandados que la demanda en este pleito fué primeramente presentada a nombre de Marcelina Lucero, abuela de los demandantes, como defensora de ellos nombrada por la corte, y fué desistida.

Señalado día para la celebración del juicio, al comenzar éste, la parte actora, con permiso de la corte y excepción de la parte demandada, introdujo una enmienda al último pedimento de la súplica de la demanda, en el sentido de que se declarara que los demandantes tienen derecho a heredar cada uno de ellos una porción igual a la que corresponda a cada uno de los hijos legítimos no mejorados; y practicadas las pruebas de ambas partes, la corte por sentencia de 26 de abril de 1909 declaró que los demandantes tienen derecho a llevar el apellido Vilá de su padre, que los reconoció en vida, y a heredarle cada uno de ellos en una porción igual a la mitad de la que corresponde a cada uno de los hijos legítimos no mejorados, y en su consecuencia declaró también nulo el testamento otorgado por José Vilá y Soler, en cuanto afecta a los derechos de los hijos ilegítimos reconocidos, quedando en los demás subsistente, con las costas del caso a cargo de la sucesión demandada.

Contra esa sentencia interpusieron los demandados recurso de apelación ante esta Corte Suprema; y también los demandantes, en cuanto se les reconoce solamente una cuota hereditaria, equivalente a la mitad de la que corresponda a cada uno de los hijos legítimos no mejorados, y no una cuota igual a la de éstos.

Alegan los demandados apelantes como motivos legales de su recurso los siguientes:

1°. Falta de capacidad en los demandantes, porque siendo éstos menores de diez años, no han venido al juicio representados por su madre Dolores Lucero, sino por Ramón Dapena y Pacheco, como defensor nombrado por la corte, sin haberse

alegado razón especial justificativa de ese nombramiento, infringiéndose así el artículo 223 número 1º. del Código Civil.

2º. Defectos de partes demandadas, por no haberse dirigido la demanda contra los albaceas del testamento cuya nulidad se reclama, infringiéndose. el artículo 66 de la Ley de Procedimientos Legales Especiales, aprobada en 9 de marzo de 1905.

3º. Indebida acumulación de acciones en la demanda, o sea de las acciones de filiación, nulidad de testamento y petición de herencia, que no caben dentro del mismo procedimiento, por no estar comprendidas entre las que enumera como acumulables el artículo 104 del Código de Enjuiciamiento Civil.

4º. Falta de hechos suficientes que determinen una causa de acción, por cuanto desprendiéndose, como se desprende de la demanda, que los demandantes son hijos adulterinos de José Vilá, éste no pudo reconocerlos en perjuicio de la esposa y de los hijos legítimos a pesar de los preceptos de los artículos 187 y 188 del Código Civil Revisado, inaplicables al caso, en virtud de la primera de las disposiciones transitorias, y tampoco han podido reconocerse a los demandantes los derechos hereditarios que se les reconocen en la sentencia, por impedirlo la ley sobre herencia aprobada en 9 de marzo de 1905, que en sus secciones 1ª. y 14 sólo reconoce derechos de legítima a los hijos naturales legalmente reconocidos y no a los hijos adulterinos.

5º. Que habiendo admitido la parte demandante la alegación de la parte demandada de que en la fecha de la concepción y nacimiento de los demandantes, José Vilá y Soler era casado con María de la Paz Palermo y existían ya todos los hijos legítimos de ese matrimonio que han sido demandados, la sentencia recurrida que los declara herederos por testamento en concurrencia con los demandados, infringe por aplicación indebida las secciones 1ª. y 14 de la Ley sobre herencias anteriormente citada.

6º. Que la corte cometió error al admitir como prueba de la parte demandante el récord taquigráfico del pleito de di-

vorcio de José Vilá y Soler contra María de la Paz Palermo, para probar las admisiones hechas por ésta y por Salvador y José Vilá y Palermo, habiendo venido así al juicio la declaración íntegra de la Palermo y de sus hijos Salvador y Francisco, sin haberlos examinado antes como testigos.

7°. Que también cometió error la corte al admitir como prueba el retrato que ha venido en el récord, como de José Vilá y Soler y Dolores Lucero y de las demandantes Carmen y Lucía, sin que se haya identificado debidamente ese instrumento de prueba.

8°. Que igualmente cometió error la corte al apreciar las pruebas del actor y estimarlas suficientes, para demostrar que los demandantes son hijos de José Vilá y Soler y que éste los reconoció.

9°. Que igualmente cometió error la corte al no estimar que las pruebas de la parte demandada no destruían la fuerza y valor de las de la parte demandante.

La parte demandante invoca como motivos de su recurso los siguientes:

1°. Violación del artículo 913 del Código Civil, que concede a los hijos ilegítimos los mismos derechos hereditarios que a los legítimos.

2°. Violación por aplicación indebida, de la ley de 9 de marzo de 1905 en su sección 14, toda vez que esa ley se refiere exclusivamente a los casos de sucesión testada, y el caso presente es de sucesión intestada, por cuanto el testamento de Vilá es nulo por preterición de herederos forzosos.

Examinemos ahora los fundamentos del recurso de la parte demandada por el mismo orden en que han sido expuestos.

En cuanto al primer motivo del recurso, o sea falta de capacidad en el defensor judicial Ramón Dapena Pacheco para llevar la representación de los demandantes, encontramos que el artículo 77 de la Ley de Procedimiento Legales Especiales ordena que el nombramiento de defensor se haga siempre mediante petición, en la que se ha de consignar bajo juramento que el menor de que se trata está comprendido en el artículo

230 del Código Civil; y, como ni la orden nombrando defensor a Dapena, ni la moción en que tal orden se basó, ni los documentos que pudieron acompañarle, se han hecho parte del récord, debemos presumir que aquel nombramiento fué hecho con arreglo a la Ley, presunción establecida bajo el número 15 en el artículo 102 de la Ley de Evidencia, aprobada en 9 de marzo de 1905.

En cuanto al segundo motivo sobre defecto de partes demandadas, por no haber sido demandado el albacea que en su testamento nombrara José Vilá y Soler, entendemos que el artículo 65 de la Ley de Procedimientos Legales Especiales, aprobada en 9 de marzo de 1905, y su complementario el 66, no son aplicables al presente caso, pues ambos artículos se refieren al caso en que se impugne la validez de un testamento por haberse dejado de cumplir algunas de las formalidades exigidas por la Ley, o por carecer el testador de capacidad para testar, circunstancias que no concurren en el presente caso, en que no se ejercita en rigor acción de nulidad de testamento, sino de ineficacia de la institución de herederos por preterición de un heredero forzoso, acción que en nada afecta al albacea, sino a los herederos, toda vez que el testamento puede ejecutarse en cuanto a las mandas y mejoras no inoficiosas, según el artículo 802 del Código Civil. Pero aun en el supuesto de que el artículo 65 se refiriera, no solamente al caso en que se impugnare la validez de un testamento en su totalidad, por defectos de las formalidades externas exigidas por la ley o por carecer el testador de capacidad para testar, sino también al caso en que se impugnare la validez en parte por defecto de alguna formalidad intrínseca o interna como en el presente caso, siempre tendríamos que no habría falta de partes, pues según dicho artículo el juicio puede promoverse por cualquier heredero o por un albacea o legatario, sin que sea necesario que se promueva por todos ellos, y según el 66 serán partes en el mismo los demás herederos del finado y el albacea y legatario de parte alícuota de cualquier otro testamento, que se alegue ser del finado y cuya validez se procu-

rare probar o destruir. Aquí sólo hay un testamento cuya eficacia parcialmente se ataca, y no otro testamento que se alegue ser del finado y cuya validez se sostenga o se impugne. Huelga, pues, la representación del albacea.

Respecto del tercer motivo del recurso sobre indebida acumulación de acciones, conviene hacer constar que las acciones ejercitadas son tres, a saber: de filiación, de reconocimiento de derechos consiguientes a dicha filiación, y de nulidad de testamento que lastima esos derechos en la parte que tienen de sucesorios. Ahora bien, la segunda acción se deriva de la primera, y la tercera de la segunda, siendo evidente que hay una relación estrecha entre todas ellas, por lo que no vemos dificultad en su acumulación, aunque no encontramos en nuestro Código de Enjuiciamiento Civil precepto alguno que la autorice. Tal doctrina ha sido aceptada por la Corte Suprema de California en el caso de *Wilson* v. *Castro,* 31 Cal., 431. Pero aun en el supuesto de que la acumulación fuera improcedente, no sería este motivo bastante por sí solo para revocar el fallo inferior, toda vez que ningún perjuicio ha podido causarse a los demandados desde el momento en que la prueba acumulada de todas las acciones es una misma, y unas acciones se presentan como derivación de otras.

Así lo preceptúa el artículo 142 del Código de Enjuiciamiento Civil al establecer que en cualquier estado de un pleito, la corte no tomará en cuenta algún error o defecto en las alegaciones o procedimiento que no afecten a lo esencial de los derechos de las partes, y no se revocará o invalidará ningún fallo por razón de dicho error o defecto.

Los motivos 4°. y 5°. de los cuales el 2°. se refunden en el primero, deben ser considerados simultáneamente, y son los que tienen más importancia en el presente caso.

Ante todo se hace necesario inquirir y constatar cual es la ley que ha de regular el pretendido reconocimiento de los demandantes.

Alégase en la demanda que Carmen y Lucía nacieron, respectivamente, en los días 11 de septiembre de 1899 y 25 de

marzo de 1902, mientras que José nació el 3 de agosto ·de 1906. Así también se ha justificado en el juicio.

Ahora bien, el Código Civil español comenzó a regir en esta Isla a virtud de Real Decreto de 31 de julio de 1899 y estaba en vigor en las fechas en que nacieron Carmen y Lucía. No así en la fecha en que nació José, pues entonces ya regía el Código Revisado. Y como los preceptos legales que condicionan el reconocimiento de los hijos nacidos fuera de matrimonio son distintos en ambos códigos, surge desde luego la cuestión jurídica de si los demandantes Carmen y Lucía deben regirse por el Código Civil Español, y su hermano José por el Código Civil Revisado, o si a los tres amparan y cobijan los preceptos que contiene sobre reconocimiento el último Código citado, actualmente vigente.

Indudablemente que al demandante José, nacido bajo el régimen del Código Revisado, deben aplicarse los preceptos de ese Código, así como a las otras demandantes Carmen y Lucía deben aplicarse los preceptos del Código Civil Español, bajo cuyo régimen tuvieron lugar su concepción y nacimiento, por la razón de que uno u otro Código tienen que regular los derechos nacidos de hechos realizados bajo su régimen respectivo, según la primera de las disposiciones transitorias de ambos.

No cabe sostener que los preceptos del Código Civil Revisado sean también aplicables a Carmen y Lucía, pues el Código Revisado en su artículo 3º. prescribe que las leyes no tendrán efecto retroactivo a no ser que dispongan expresamente lo contrario, sin que en caso alguno el efecto retroactivo de una ley pueda perjudicar los derechos adquiridos al amparo de una legislación anterior. No encontramos en el Código Revisado precepto alguno que estatuya que sus preceptos sobre reconocimiento de hijos ilegítimos sean aplicables a los nacidos con anterioridad a la promulgación de dicho Código; y aun más, la regla 1ª. de las transitorias para su aplicación ordena que se regirán por la legislación anterior al Código Revisado los derechos nacidos según ella de hechos

realizados bajo su régimen, aunque dicho Código los regule de otro modo o no los reconozca.

Se arguye que esa misma regla 1ª. previene que si el derecho apareciere declarado por primera vez en el Código Civil Revisado tendrá efecto, desde luego, aunque el hecho que lo origine se haya verificado bajo la legislación anterior, siempre que no se oponga o perjudique a otro derecho nacido o adquirido al amparo de dicha legislación anterior, por lo que se sostiene que apareciendo declarado por primera vez en dicho Código el derecho al reconocimiento de los hijos ilegítimos de toda clase, es consiguiente que las demandantes Carmen y Lucía tienen derecho al reconocimiento pretendido por no oponerse o perjudicar tal reconocimiento a otro derecho nacido o adquirido al amparo de la legislación anterior.

No podemos estar conformes con esa alegación. Según el Código Español, artículo 119, son hijos naturales los nacidos fuera de matrimonio de padres que al tiempo de la concepción de aquéllos pudieron casarse sin dispensa o con ella, y esos son los hijos naturales que, según el artículo 129 del mismo Código, podían ser reconocidos por el padre o la madre conjuntamente o por uno sólo de ellos.

Esos preceptos modificaron la legislación anterior relativa al reconocimiento de los hijos naturales, tales como los definía la ley 11 de Toro; y habiéndose traído á judicial debate la cuestión de si podía ser reconocido un hijo que nació al amparo de dicha ley de padres que no podían casarse justamente sin dispensación, sin que por tanto pudiera llamarse hijo natural, mereciendo esa denominación con arreglo al artículo 119 del Código Civil Español, cuya aplicación al caso se solicitaba, invocándose el párrafo 2º. de la primera de las reglas transitorias para la aplicación de dicho Código, cuya regla es la misma que con igual número reproduce nuestro Código revisado, el Tribunal Supremo de España por sentencia de 9 de abril de 1904, decidió el caso en sentido negativo, entre otros fundamentos por los que transcribimos a continuación:

"Considerando que las condiciones que han de concurrir en los hijos ilegítimos para ser reputados como naturales, según el párrafo segundo del artículo 119 del Código, no afectan ni en pro ni en daño a los nacidos con anterioridad y sometidos consiguientemente a las requeridas por la Ley 11 de Toro, *cualquiera que sea la época del reconocimiento de tales hijos,* porque siendo condiciones esenciales e inherentes a su propia personalidad determinada por el momento del nacimiento, no es posible prescindir de ellas sin admitir y establecer una ficción contraria a la realidad y no autorizada por la ley; pues la regla 1ª. de las disposiciones transitorias del Código, si bien consistente dar efecto a los derechos nuevos en tanto en cuanto no perjudiquen a otros adquiridos, esto no puede entenderse de lo que constituye esencialmente la personalidad del sujeto desde el instante en que nace, por ser la que tiene que servir de base para la adquisición de otra clase de beneficios o ventajas con el carácter de derechos; y hubiera sido menester, en consonancia con lo que preceptúa el artículo 3º. del Código, que resolución tan trascendental como la de convertir en hijos naturales a aquellos que no lo eran, ni podían serlo con arreglo a la legislación anterior, se hubiera consignado explícitamente, dadas las consecuencias que había de producir en las relaciones familiares y sociales."

"Considerando que esto supuesto no son de estimar los cuatro primeros motivos del recurso, porque en ellos, con desconocimiento de la doctrina expuesta en el precedente considerando, se da una equivocada interpretación al concepto del derecho por primera vez declarado en el Código a que se refiere el segundo párrafo de la primera de las reglas transitorias de éste, pues si este derecho nuevo arranca de hechos verificados bajo la legislación anterior, es claro que cuando tales hechos tienen un carácter distinto u opuesto a los que el Código exige, no hay posibilidad para la aplicación de dicha regla, siendo forzoso, por lo tanto, dados sus términos y espíritu que la informa, dejar subsistentes en su integridad y significación jurídica aquellas situaciones que afectan a un estado

de personalidad perfectamente definido en la legislación anterior, no habiendo por otra parte consignado este Supremo Tribunal declaración doctrinal contraria a la expuesta en las sentencias que como infringidas se citan en el referido recurso, cuando por la inversa repetidamente se ha sentado el principio fundamental de ser aplicable la legislación antigua o la moderna, según la época del nacimiento de los hijos.''

Esas mismas razones, que aceptamos como convincentes, son de aplicacación al presente caso, por lo que toca a las demandantes Carmen y Lucía, cuyos derechos de filiación deben regularse en su consecuencia por los preceptos del Código Civil Español, bajo cuyo régimen fueron concebidas y nacieron.

Véanse además la sentencia del Tribunal Supremo de España de 28 de abril de 1894 en el caso de D. I. P. y M. y S. R. y P., sobre declaración del derecho de patria potestad, y nuestra sentencia en el caso de *Gual* v. *Gual,* decidido en 25 de junio de 1909.

Pero aún hay más; y es que las demandantes Carmen y Lucía no pueden aspirar al reconocimiento que solicitan, escudadas con preceptos del Código Civil Revisado, por cuanto aquel derecho se opone o perjudica a otros derechos nacidos o adquiridos al amparo de la legislación española, bajo cuyo régimen nacieron y fueron concebidas. Veámoslo.

Al amparo de la legislación anterior sólo los hijos legítimos o legitimados y los naturales legalmente reconocidos tenían con relación a su padre derecho de llevar el apellido de éste y de percibir alimentos, según los artículos 114, 122, 127 y 134 del Código Civil Revisado, mientras que los hijos ilegítimos, en quienes no concurría la condición legal de naturales, sólo tenían derecho a exigir de sus padres alimentos, conforme al artículo 139. Además, según el artículo 129, sólo el hijo natural podía ser reconocido, pudiendo ser impugnado, según el artículo 138, el reconocimiento hecho a favor de un hijo que no reuniera la condición de natural en los términos en que lo define el artículo 119. Y finalmente, según el artículo 141, se

prohibía admitir en juicio demanda alguna que directa o indirectamente tuviera por objeto investigar la paternidad de los hijos ilegítimos en quienes no concurriera la condición legal de naturales, fuera de los casos 1º. y 2º. del artículo 140.

Según esos preceptos, el padre tenía el derecho de que nadie más que sus hijos legítimos, legitimados o naturales reconocidos llevaran su apellido; sólo tenían obligación de dar alimentos a sus hijos ilegítimos en los casos 1º. y 2º. del artículo 140, o sea cuando la paternidad se infería de una sentencia firme dictada en proceso criminal o civil, o resultaba de un documento indubitado en que expresamente reconociera la filiación; sólo podía obligársele, cuando procediera, al reconocimiento de un hijo que tuviera la condición de natural, pudiendo ser impugnado el reconocimiento de un hijo que no tuviera esa condición, y finalmente el padre tenía derecho a que ningún hijo ilegítimo pudiera demandarle para investigar su paternidad.

El nuevo Código no admite más clasificación que la de hijos legítimos, ilegítimos o legitimados, tales como los define el artículo 180; el reconocimiento se extiende a todos los hijos ilegítimos, según el artículo 187; el hijo ilegítimo tiene derecho a llevar el apellido de su padre que lo reconozca y a recibir alimentos del mismo, al igual que los hijos legítimos, según los artículos 186 y 191, y no hay precepto alguno que prohiba investigar la paternidad.

De modo que si la filiación y derechos de las demandantes Carmen y Lucía se regularan por los preceptos del Código Civil Revisado, se perjudicarían los derechos ya relacionados que para su padre y causahabientes nacieron al amparo de la legislación anterior, debiendo establecerse como conclusión que a las demandantes Carmen y Lucía, por falta de las condiciones que exige el artículo 119 del Código Civil antiguo para la filiación natural, no puede otorgárseles el reconocimiento de hijas de José Vilá y Soler que solicitan en su demanda, ni derecho alguno que se derive de tal reconocimiento.

Por lo que toca al otro demandante José, sus derechos de-

ben regularse por el Código Civil Revisado, bajo cuyo régimen fué concebido y nació; y habiéndose justificado que es hijo ilegítimo de Dolores Lucero y de José Vilá y Soler, habiéndolo reconocido éste por tal hijo, según apreciación de las pruebas hechas por la corte inferior, es indiscutible su derecho a la declaración judicial de tal reconocimiento y a llevar por tanto el apellido de su padre, pero no puede pretender heredarle por testamento, ni que se declare nulo el otorgado por Vilá y Soler según solicita en la demanda.

El Código Civil Revisado, al tratar de la sucesión testada, fijó los derechos de los hijos ilegítimos reconocidos con relación a sus padres y ascendientes naturales, como puede verse en la sección 5ª. del capítulo 2º. del título 3º. del libro 3º. de dicho Código; pero los preceptos de éste en sus artículos 795 y 796 fueron sustituídos por las secciones 1ª., 14, 15, 16, 17, 18, y 19 de la ley sobre herencias, aprobada en 9 de marzo de 1905.

En esa ley sólo se reconocen derechos hereditarios a los hijos naturales legalmente reconocidos; y como sus preceptos son reproducción del Código Civil antiguo, el concepto de hijos naturales debe tener la misma significación que les daba dicho Código al definirlos en su artículo 119 en los siguientes términos:

"Son hijos naturales los nacidos fuera de matrimonio de padres que al tiempo de la concepción de aquéllos pudieron casarse sin dispensa o con ella."

El concepto gramatical y legal de hijo natural es más restringido que el de hijo ilegítimo, y no podemos admitir que ambos tengan la misma extensión y alcance. Si la legislatura hubiera querido reconocer derechos hereditarios a los hijos ilegítimos, tales como los define el Código Civil Revisado, hubiera empleado la locución de hijos ilegítimos y no la de hijos naturales. Procediendo como procedió, sólo reconoció derechos a los hijos naturales legalmente reconocidos, tales como se definen en el Código Civil antiguo. Tenemos, pues, que no cabe reconocer derechos hereditarios al demandante José,

nacido bajo el régimen del Código Civil Revisado, y sujeto a la Ley de Herencias que modificó sustancialmente los preceptos de dicho Código sobre sucesión testada.''

Esos derechos hereditarios tampoco serían de reconocerse a las demandantes Carmen y Lucía, aun en el supuesto de que su filiación se rigiera por el Código Civil Revisado y no por el Código antiguo.

La corte inferior cometió ciertamente un error al admitir como prueba en el presente juicio las declaraciones que en pleito de divorcio de José Vilá y Soler y María de la Paz Palermo habían prestado ésta y sus hijos legítimos Salvador y Francisco; pero como dicha prueba fué meramente cumulativa y el Salvador prestó además declaración en el presente juicio, no vemos que los demandados apelantes hayan sido perjudicados con tal motivo, ni que en su consecuencia tal error apareje por sí solo la revocación de la sentencia.

El retrato o fotografía de que se hace mérito en el sexto motivo del recurso, ha sido perfectamente identificado en autos, como representativo de José Vilá y Dolores Lucero y de sus hijas Carmen y Lucía, siendo una ampliación del que Salvador Vilá tomó en la casa de Dolores Lucero, según afirmaron en el juicio varios testigos.

Finalmente, en cuanto al 8°. y 9°. motivos del recurso, que se refieren a error cometido en la apreciación de las pruebas presentadas por ambas partes, la corte inferior dirimió a favor de la filiación pretendida por el demandante José Lucero, único que tiene capacidad para ser reconocido, el conflicto existente entre una y otras, sin que se nos haya demostrado que procediera con prejuicio, pasión, parcialidad o manifiesta equivocación, y en su virtud no podemos ir contra su apreciación, según doctrina ya establecida en repetidas decisiones.

Por lo que toca a los fundamentos del recurso de los demandantes, huelga discutirlos si se tiene en cuenta que por las razones expuestas no son de reconocérseles derechos hereditarios de clase alguna; pero si esos derechos existieran, nunca se regirían por el artículo 930 del Código Civil que se refiere

a los casos de sucesión intestada, mientras que el presente es de sucesión testada, por cuanto Vilá y Soler falleció bajo testamento que no puede estimarse nulo.

Por las razones expuestas, entendemos que procede la revocación de la sentencia apelada, menos en cuanto declara que el demandante José como hijo ilegítimo reconocido de José Vilá y Soler tiene derecho a llevar el apellido de su padre; en cuyo extremo debe quedar subsistente, declarándose sin lugar todos los demás pronunciamientos solicitados en la demanda.

*Resuelto de conformidad.*

Jueces concurrentes: Sres. Asociados MacLeary, Wolf, del Toro y Aldrey.