Gonzalo Torres, demandante y apelante, *v.* Sucesión de Genaro Cautiño Insua, Etc., demandados y apelados.

Núm. 9861.—*Sometido:* Mayo 4, 1949. *Resuelto:* Diciembre 9, 1949.

*Santiago, Polanco Abréu,* abogado del apelante; *R. Rivera Zayas, G. Rivera Cestero* y *Milton F. Rúa,* abogados de los apelados.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

Genaro Cautiño Insua contrajo matrimonio con María Luisa Monserrate Bruno el 16 de julio de 1905 y continuó casado con ella hasta el día de su fallecimiento ocurrido el 1ro. de mayo de 1946. Tres meses después de su muerte, o sea el 8 de agosto de 1946, Gonzalo Torres radicó en la Corte de Distrito de Guayama demanda de filiación, reclamación de herencia y otros extremos contra la Sucesión de Genaro Cautiño Insua y otros. A solicitud de la demandada la corte desestimó la demanda por considerar que la primera causa de acción estaba prescrita y que las otras no aducían hechos suficientes, pero solicitada la reconsideración, la corte dejó la demanda original en pie al solo efecto de que el demandante probara, si podía, que tiene derecho a llevar el apellido de su presunto padre, de acuerdo con la Ley núm. 229 de 12 de mayo de 1942 ((1) pág. 1297), según fué enmendada por la Ley núm. 243 de 12 de mayo de 1945 ((1) pág. 815).

En la primera causa de acción el demandante alegó que "hacia los años 1908, 1909 y 1910 Genaro Cautiño Insua y Dolores Torres sostuvieron relaciones sexuales en el pueblo de Guayama, Puerto Rico, como resultado de las cuales nació el aquí demandante Gonzalo Torres el 10 de enero de 1909" y que "durante todo el tiempo transcurrido desde la concepción y el nacimiento del demandante y hasta la fecha en que falleció Genaro Cautiño Insua, éste tuvo al demandante pública y privadamente por hijo suyo; que acostumbraba llamarle 'hijo' en sus conversaciones y que se ocupó de su sosteni-

miento y le prodigó atenciones y cuidados de padre'', y como consecuencia, solicitó ser declarado ''hijo ilegítimo reconocido o hijo natural reconocido de Genaro Cautiño Insua con todos los derechos de ley''.

A los efectos de la moción de desestimación, los demandados acompañaron certificación del acta de matrimonio de Genaro Cautiño Insua celebrado el 16 de julio de 1905, y este hecho, al igual que los expuestos anteriormente, fueron aceptados por las partes como ciertos.

La cuestión básica envuelta en este caso es si la acción filiatoria del demandante, nacido bajo el régimen del Código Civil Revisado de 1902, debe regirse, en cuanto a su duración, por el artículo 199 de dicho Código, o por el artículo 194 de la Ley núm. 73 de 9 de marzo de 1911 (hoy artículo 126 del Código Civil, ed. de 1930).

El artículo 199 del Código Civil Revisado de 1902 disponía lo siguiente:

''La acción para reclamar su filiación dura hasta dos años después de ser el hijo mayor de edad, y se trasmitirá a sus herederos si falleciere en la menor edad o en estado de demencia. En estos casos tendrán los herederos cinco años de término para entablar la acción.''

La acción de filiación a que hace referencia este artículo comprendía todos los casos provistos en el artículo 198 del mismo código al efecto de que: ''La filiación de los hijos se prueba por el acta del nacimiento extendida en el Registro civil, por la posesión del estado de la filiación, o por cualquier otro medio legal.'' Es decir, la acción de filiación de los hijos legítimos y la de los ilegítimos y en esta última categoría estaban comprendidos, tanto los que bajo el Código Civil Español, vigente desde el año 1889 hasta el 1902, tenían el carácter de naturales, como los adulterinos [1] (que es el caso

[1] El artículo 187 del Código Civil Revisado de 1902 disponía:
''El hijo ilegítimo puede ser reconocido de cualquier modo, por el padre y la madre conjuntamente, o por uno solo de ellos.''
Este artículo no establecía distinción alguna entre los hijos ilegítimos.

del demandante), duraba hasta dos años después de ser el hijo mayor de edad.

■ Empero, en el año 1911, al aprobarse la Ley núm. 73, la Legislatura derogó expresamente los artículos 198 y 199, supra, y aprobó los artículos 193 y 194 que, en lo pertinente, disponen:

"Artículo 193.—Son hijos naturales los nacidos, fuera de matrimonio, de padres que al tiempo de la concepción de aquéllos hubieran podido casarse, sin dispensa o con ella. . . ."

"Artículo 194.—Las acciones para el reconocimiento de hijos naturales, sólo podrán ejercitarse en vida de los presuntos padres, o un año después de su muerte. . . ."

Es decir, la Asamblea Legislativa volvió a reinstalar el concepto de hijo natural del Código Civil Español, concepto que ha prevalecido hasta que se aprobó la Ley núm. 229 de 1942, según enmendada por la Ley núm. 243 de 1945, supra.

Al derogar el artículo 199, supra, en el año 1911, la Legislatura no dispuso nuevo término prescriptivo alguno para la acción de filiación de los hijos ilegítimos nacidos al amparo del Código Civil Revisado de 1902. Se limitó a proveer el término prescriptivo para las acciones sobre reconocimiento de aquellos hijos que tuvieran el concepto de naturales.

El demandante, que nació en el año 1909, llegó a su mayoría de edad en el año 1930. Bajo el artículo 199, supra, de no haber sido derogado, su acción filiatoria hubiera durado hasta el año 1932.

■■ Sostiene el apelante, que habiendo sido derogado el artículo 199 del Código de 1902, supra, y substituído por el artículo 194 en 1911, su acción se equiparó a la de un hijo natural, ya que bajo el Código Civil Revisado de 1902 no existía distinción alguna entre los hijos ilegítimos. Lo último es cierto pero no lo es, necesariamente, lo primero. Por el contrario, la intención legislativa expresada por la Ley núm. 73 de 1911, fué precisamente volver a establecer la distinción histórica entre el hijo natural y los demás hijos ilegítimos,

siendo el primero aquél nacido de padres que al tiempo de su concepción podían casarse con dispensa o sin ella. Establecida de nuevo esta distinción, nada hay en la Ley de 1911 que pueda interpretarse en el sentido de que fué la intención del legislador fijar el mismo término prescriptivo a las acciones filiatorias de los hijos ilegítimos del Código Civil Revisado de 1902. Desde que fué resuelto el caso de *Lucero et al. v. Los Herederos de Vilá,* 17 D.P.R. 152 en el año 1911, rechazamos el argumento del apelante, precisamente al interpretar el alcance de la Ley sobre Herencias aprobada el 9 de marzo de 1905 y a virtud de la cual, no obstante las disposiciones del Código Civil Revisado de 1902 en relación con los hijos ilegítimos de todas clases, sólo se le reconoció porción hereditaria en la sucesión testada a los hijos naturales legalmente reconocidos, y dijimos, a la pág. 166:

"El concepto gramatical y legal de hijo natural es más restringido que el de hijo ilegítimo, y no podemos admitir que ambos tengan la misma extensión y alcance. Si la legislatura hubiera querido reconocer derechos hereditarios a los hijos ilegítimos, tales como los define el Código Civil Revisado, hubiera empleado la locución de hijos ilegítimos y no la de hijos naturales. Procediendo como procedió, sólo reconoció derechos a los hijos naturales legalmente reconocidos, tales como se definen en el Código Civil antiguo. . . ."

En igual forma, la corte inferior no erró al resolver que al derogarse el artículo 199 del Código Civil Revisado de 1902, y aprobarse el artículo 194 por la Ley núm. 73 de 1911, supra, el término prescriptivo para la acción filiatoria de los hijos naturales, bajo la nueva ley no es aplicable a los hijos ilegítimos de la ley anterior "ya que si ese hubiera sido el propósito legislativo, el legislador hubiera usado la locución 'ilegítimos' en vez de la locución 'hijos naturales' ".

Tampoco erró, a nuestro juicio, al resolver que siendo la acción de filiación una de carácter personal—*Orama et al. v. Oyanguren,* 19 D.P.R. 828; *Gastón v. Herederos de Franceschi,* 43 D.P.R. 300—y cuyo término de duración para el caso

de la filiación ilegítima no fué fijado por la Legislatura al aprobar el artículo 194, supra, dicho término es el prescrito en el artículo 1865 del Código Civil Revisado de 1902 (artículo 1864 de nuestro Código Civil, ed. de 1930), al efecto de que las acciones personales que no tengan señalado término especial de prescripción, prescriben a los quince años, en relación con el artículo 40 del Código de Enjuiciamiento Civil que dispone que ''Si la persona con derecho a ejercitar una acción, que no sea la reivindicatoria de propiedad inmueble, fuese al tiempo· de nacer la causa de la acción: 1. Menor de edad ... el tiempo que dure tal incapacidad no se considerará parte del tiempo fijado para empezar a ejercitar la acción.'' Es decir, que habiendo nacido la causa de acción del demandante en 10 de enero del año 1909 y llegado éste a su mayoría de edad en 10 de enero del año 1930, los quince años que tenía para ejercitar su acción personal de filiación vencían en 10 de enero del año 1945 y como la demanda fué radicada en 8 de agosto de 1946, la acción estaba prescrita.

No se está privando al demandante de ningún derecho sustantivo, es decir, si bajo el artículo 187 del Código Civil Revisado de 1902, supra, él tenía derecho a ser reconocido, ya que la filiación se rige por la ley vigente al momento del nacimiento. *Charres* v. *Arroyo,* 16 D.P.R. 816; *Méndez* v. *Martínez,* 21 D.P.R. 252; *Mercado* v. *Sucn. Mangual,* 35 D.P.R. 422. Lo que está planteado en este caso es uno de prescripción, es decir, de duración de la acción para hacer valer dicho derecho sustantivo. No empece la hábil discusión que hace el apelante en cuanto a que ninguna legislación posterior o interpretación judicial pueden privarle de su reconocimiento, es doctrina firmemente establecida que las acciones de filiación prescriben por el transcurso del tiempo fijado por ley para ejercitarlas. *Rijos* v. *Folgueras et al.,* 16 D.P.R. 624, confirmado en *Córdova* v. *Folgueras,* 227 U.S. 375; *Calaf et al.* v. *Calaf,* 17 D.P.R. 198, confirmado en 232 U.S. 371;

*Gastón* v. *Herederos de Franceschi*, supra, y casos citados a la pág. 307; *Morales* v. *Federal Land Bank*, 56 D.P.R. 859.

En el caso de *Calaf*, supra, a la pág. 215, se hizo bien clara la distinción entre los elementos integrantes y necesarios de la filiación y del reconocimiento y la duración de la acción para recobrar judicialmente dicho reconocimiento, diciéndose en cuanto a este último que:

"... es un accidente que el legislador puede modificar siempre bajo ciertas condiciones, con tal que no se prive en términos absolutos al que tenga o pretenda tener ese derecho, de la acción para obtener su declaración.

"Si se concede tiempo razonable (²) para el ejercicio de esa acción antes de que sobrevenga la privación del derecho, no hay motivo para quejarse de agravio alguno."

Y a la página 216 se dijo lo siguiente:

"Pero aun admitiendo que ni los preceptos del Código Civil español, ni los del revisado, que regulan la duración de la acción de reconocimiento sean aplicables al presente caso, siempre tendríamos que la Ley 63 de Toro fija 20 años *para la prescripción de las acciones personales, de cuyo carácter participa la de reconocimiento o filiación.*" (Bastardillas nuestras.)

La ley vigente al nacer el demandante le reconoció un derecho y le fijó un término para ejercitar la acción para dejar establecido judicialmente dicho derecho. Luego el legislador derogó dicho término específico siendo el demandante menor de edad, pero no le privó de su acción, ya que le concedió el término supletorio de quince años establecido en el código para ejercitar las acciones personales, el cual es más que razonable, ya que amplió en trece años el término original que tenía el demandante bajo el artículo 199, supra.

---

(²)Lo mismo se resolvió en el caso de *Córdova* v. *Folgueras*, 227 U.S. 375, citando del Sumario: "No se interfiere con derechos adquiridos al prescribir el modo de proceder, o el término dentro del cual pueden ejercitarse, siempre que se conceda un término razonable para hacerlo."

■ No podemos aceptar la tesis del apelante en el sentido de que el hijo ilegítimo bajo el Código Civil desde el año 1902 hasta el año 1911, equivale al hijo natural del Código Civil Español y del hijo natural bajo la enmienda de la Ley núm. 73 de 1911. El concepto "hijo ilegítimo" de los años 1902 al 1911, como hemos dicho anteriormente, incluía, por no haberse hecho diferenciación alguna en el año 1902, a toda clase de hijos ilegítimos; empero, el concepto "hijo natural" del Código Civil Español y de nuestro Código después de la Ley núm. 73 de 1911 y hasta que se aprobó la Ley núm. 229 de 1942 según enmendada por la Ley núm. 243 de 1945, no incluye, ni es igual, a los demás hijos ilegítimos. *Lucero et al.* v. *Los Herederos de Vilá,* supra; *Celis Alquier* v. *Méndez,* 18 D.P.R. 88; *Ortiz et al* v. *Rivera et al.,* 26 D.P.R. 332. Por el mismo motivo, el término de prescripción concedido por el artículo 194 para la acción filiatoria del hijo natural, sin mencionar al hijo ilegítimo que tampoco estaba incluído en dicho concepto bajo el artículo 193, supra, no podía hacerse extensivo a este último.

Consideramos que los fundamentos expuestos en el caso de *Ortiz* v. *Sucn. Stella,* 47 D.P.R. 117, citado por el apelante, en el cual se resolvió que un hijo nacido bajo el Código Civil Revisado y cuyo derecho a ejercitar su acción de filiación no hubiere prescrito en el 1911 cuando se derogó el artículo 199 y se aprobó el 194, tiene acción para reclamar su filiación hasta un año después de muerto su presunto padre, son erróneos, aun cuando la conclusión a que en él se llegó de que la acción no estaba prescrita es correcta, pues cae bajo la regla que establecemos en el presente. Veamos.

De los hechos expuestos en dicha opinión aparece que Mateo Ortiz nació el *23 de noviembre de 1902* y que inició su acción contra la sucesión de su presunto padre—que había fallecido el 27 de diciembre de 1929—el *18 de febrero de 1930.* Tenemos, por tanto, que Ortiz llegó a su mayor edad el 23 de

noviembre de 1923 y que teniendo quince años para establecer su acción, la misma no prescribía hasta el año 1938, y habiéndose iniciado el 18 de febrero de 1930, no había prescrito. La opinión en el caso de *Ortiz* demuestra, por sus razonamientos, que no fué resuelto a base de que él fuera un hijo natural, a pesar de que en la demanda se alegó que sus padres eran solteros, sino principalmente aplicando el artículo 1839 del Código Civil([3]) y la Regla 4 de las Disposiciones Transitorias para la aplicación del Código Civil Español.([4]) Pero es que habiendo nacido Ortiz el 23 de noviembre de 1902, ya vigente el Código Civil de 1902 desde el 1ro. de julio de dicho año, su derecho al reconocimiento nació, no antes como requiere la Regla 4, sino después de regir dicho Código y la prescripción de su acción no había comenzado antes de la publicación del Código, como requiere el artículo 1839, sino después, y por tanto, no había motivo para aplicar ni el artículo ni la regla.

En el caso de *Guadalupe* v. *González*, 34 D.P.R. 669, citado con aprobación en el de *Ortiz* v. *Sucn. Stella*, supra,([5]) no se probó, como erróneamente se dice a la pág. 121, que la de-

---

([3])El artículo 1839 dispone lo siguiente:

"La prescripción comenzada antes de la publicación de este Código se regirá por las leyes anteriores al mismo; pero si, desde que fuere puesto en observancia, transcurriese todo el tiempo en él exigido para la prescripción, surtirá ésta su efecto, aunque por dichas leyes anteriores se requiriese mayor lapso de tiempo."

([4]) La Regla 4 de las Disposiciones Transitorias dice así:

"Las acciones y los derechos nacidos y no ejercitados antes de regir el Código Civil revisado, subsistirán con la extensión y en los términos que les reconociera la legislación precedente; pero sujetándose, en cuanto a su ejercicio, duración y procedimientos para hacerlos valer, a lo dispuesto en el Código revisado. Si el ejercicio del derecho o de la acción se hallara pendiente de procedimientos empezados bajo la legislación anterior, y éstos fuesen diferentes de los establecidos por el Código revisado, podrán optar los interesados por unos o por otros."

([5])Al exponer los hechos del caso de *Guadalupe* v. *González*, 34 D.P.R. 669, a la pág. 121 del de *Ortiz* v. *Sucn. Stella*, se incurrió en otro error al decir que la acción en el primero se inició el 10 de noviembre de *1931*, cuando en realidad la fecha correcta es 10 de noviembre de *1921*. Véase dicho caso, a la pág. 670.

mandante había nacido bajo las disposiciones del artículo 199, supra, pues el hecho que se consideró probado en el caso de *Guadalupe* v. *González,* supra, págs. 672–3, fué que la demandante había nacido el 3 de enero de 1901, es decir, antes de regir el artículo 199 del Código Civil Revisado, y siendo esto así, sí era aplicable la Regla 4 de las Disposiciones Transitorias, como en dicho caso se resolvió.

Existiendo en nuestro Código Civil el artículo 1864, supra, que establece el término de quince años para la prescripción de las acciones personales, como es la de filiación, que no tengan señalado término especial de prescripción, al derogarse el artículo 199, supra, quedó la acción de reconocimiento de los hijos ilegítimos a que se refiere dicho artículo, sin término especial de prescripción y como consecuencia, le es aplicable el término supletorio establecido en el artículo 1864. Ni había en el caso de *Ortiz,* supra, ni hay en el presente caso, necesidad de aplicar el artículo 1839 y la Regla 4, supra.

No erró a nuestro juicio la corte inferior al resolver que la primera causa de acción está prescrita y tampoco erró al desestimar las demás causas de acción sobre reclamación de herencia, nulidad de la institución de herederos contenida en el testamento otorgado por Genaro Cautiño Insua por preterición del demandante, nulidad de legados y reclamación de frutos, pues el propio apelante admite en su alegato que "la subsistencia de estas tres causas de acción depende de que la primera causa de acción no esté prescrita."

*Debe confirmarse la sentencia.*