MARÍA CRISTINA FIGUEROA O'NEILL ET AL., demandantes y apelantes, *v.* SUCN. DE ANTONIO CARRASQUILLO CARRIÓN ET AL., demandados y apelados.

Número 10677.

*Sometido:* 1 de octubre de 1952. *Resuelto:* 24 de octubre de 1952.

*Faustino R. Aponte,* abogado de los apelantes; *J. C. Rivera,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del tribunal.

En septiembre de 1951 los demandantes María Cristina, Petra y Miguel Antonio Figueroa O'Neill, éste último representado por su padre con patria potestad Justino Figueroa, ejercitaron la acción filiatoria que correspondía a su madre Luisa O'Neill, mediante la radicación de una demanda en la Sección de Humacao del antiguo Tribunal de Distrito de Puerto Rico, y la cual fué más tarde trasladada a la sección de Caguas en el mismo tribunal, dirigida contra la Sucn. de Antonio Carrasquillo Carrión, compuesta de su viuda Carmen Dones y de sus hijos Antonia, Miguel y Víctor Manuel Carrasquillo Dones. En dicha demanda alegaron sustancialmente lo siguiente: Que Antonio Carrasquillo Carrión y Petrona O'Neill, siendo ambos solteros, en actitud legal y sin

1

impedimento alguno para contraer matrimonio, fueron conocidos viviendo en concubinato, como marido y mujer y bajo un mismo techo antes del embarazo, durante el mismo y al tiempo del nacimiento de Luisa O'Neill, madre de los demandantes, ocurrido dicho nacimiento el día primero de enero del año 1903; que dicha Luisa O'Neill estuvo en la posesión continua del estado de hija natural de su padre Antonio Carrasquillo Carrión justificada por actos directos de éste y de su familia; que el referido Antonio Carrasquillo Carrión falleció el día 11 de junio de 1951 bajo testamento abierto, en el cual instituyó a los demandados como sus únicos y universales herederos; que a su muerte dicho finado dejó cuantiosos bienes de fortuna y que Luisa O'Neill contrajo matrimonio con Agustín Figueroa habiendo procreado en el mismo tres hijos legítimos que son los aquí demandantes; que la madre de éstos, Luisa O'Neill, falleció el día primero de febrero de 1936 dejando a su viudo y a los demandantes como sus únicos y universales herederos. La demanda termina con la súplica de que se declare a la madre de los demandantes Luisa O'Neill hija natural reconocida de Antonio Carrasquillo Carrión y se anule el testamento dejado por éste por haberse preterido en el mismo a los demandantes como sucesores y causahabientes de su referida madre Luisa O'Neill.

En una moción radicada por los demandados, éstos solicitaron la desestimación de la demanda, entre otros motivos, porque las distintas reclamaciones acumuladas en la misma no aducían hechos constitutivos de causas de acción. La corte a quo declaró con lugar esta moción por el fundamento de que la acción ejercitada por los demandantes había prescrito, y en su consecuencia, dictó sentencia desestimando la demanda.

Contra esa sentencia interpusieron los demandantes el presente recurso de apelación imputándole al tribunal a quo la comisión del siguiente único error:

"La Sección de Caguas del Tribunal de Distrito de Puerto Rico cometió manifiesto error al resolver que la acción de los demandantes está prescrita."

Aplicando la doctrina establecida en el caso de *Torres* v. *Sucn. Cautiño*, 70 D.P.R. 646, el tribunal a quo resolvió que "Habiendo nacido doña Luisa O'Neill, según se alega en la demanda, el 1ro. de enero de 1903, cumplió veintiún años el día 1ro. de enero de 1924 y su acción prescribió el día 1ro. de enero de 1939, o sea, quince años después de haber llegado a su mayor edad." [1]

Los apelantes alegan que el tribunal a quo cometió error al resolver en esa forma que la presente acción está prescrita. Tienen razón, aunque por fundamentos distintos a los aducidos por ellos. [2]    La doctrina del caso de *Torres* v. *Sucn. Cautiño*, supra, no es aplicable al de autos.    Allí resolvimos que un hijo adulterino nacido entre los años 1902 y 1911, podía acogerse al término prescriptivo de 15 años después de llegar a su mayoridad, fijado para las acciones personales por el artículo 1864 del Código Civil en relación con el 40 del de Enjuiciamiento Civil, para ejercitar la acción de filiación. Es cierto que en dicho caso y a manera de *dictum*, dimos a entender que el referido término prescriptivo era también aplicable a los hijos nacidos entre dichos años que reunieran la condición de naturales, pero tal *dictum* ha sido expresamente

---

[1] En este recurso no está envuelta la cuestión de si la acción personal de filiación se trasmite a los herederos de la persona con derecho a ejercitarla.  Las partes y el tribunal a quo así lo asumen.  Véase sin embargo el caso de *Gastón* v. *Herederos de Franceschi*, 43 D.P.R. 300. La sentencia apelada conlleva pues, la conclusión de que los demandantes debieron ejercitar esta acción dentro del mismo término prescriptivo que la ley concedió para ello a su causante Luisa O'Neill, o sea, dentro de los 15 años de haber llegado ésta a su mayoridad.

[2] El argumento de los demandantes es al efecto de que su derecho a demandar surgió cuando falleció su madre Luisa O'Neill en 1936 y que como para esa fecha ellos eran menores de edad, el término que tenían para ejercitar esta acción quedaba suspendido hasta que arribaran a su mayor edad de conformidad con lo dispuesto por el artículo 40 del Código de Enjuiciamiento Civil.  Sin embargo, para resolver este recurso es innecesario considerar tal argumento.

4

revocado en el caso de *Fuentes* v. *Tribunal de Distrito*, 73 D.P.R. 959 (³) donde dijimos:

"En el caso de *Torres* v. *Sucn. Cautiño,* 70 D.P.R. 646, se trataba de un hijo adulterino. Se resolvió que por el artículo 199 del Código Civil de 1902 se eliminó la distinción histórica entre hijos naturales y los demás hijos ilegítimos pero que al aprobarse en el año 1911 la Ley núm. 73 (artículo 194 hoy 126 del Código Civil), se restableció tal distinción y, aunque se fijó un término prescriptivo con respecto a hijos naturales no se fijó término prescriptivo alguno con respecto a hijos adulterinos. Se resolvió, por lo tanto, que estos últimos podían acogerse a un término prescriptivo de 15 años después de su mayoridad fijado para las acciones personales por el artículo 1864 del Código Civil en relación con el 40 del Código de Enjuiciamiento Civil. Sin embargo, en el curso de su opinión, a manera de *dictum* y al comentar el caso de *Ortiz* v. *Sucn. Stella,* supra, que se refería a un hijo natural, este Tribunal da a entender que el término prescriptivo de 15 años computados después de la mayor edad es también aplicable a hijos naturales. (Págs. 654 y 655 del caso de *Torres* v. *Sucn. Cautiño.*) Realmente, como hemos indicado anteriormente, la ley núm. 73 de 1911 fijó un término específico de prescripción para los hijos naturales, o sea, que dispuso que los hijos naturales podrían interponer su acción en vida de sus presuntos padres o un año después de su muerte. Por lo tanto, no es de aplicación a un hijo natural como el del caso ∙de autos, el artículo 1864 de nuestro Código Civil, que dispone que las acciones personales que no tengan señalado término especial de prescripción, prescribirán a los 15 años, ya que la acción filiatoria de un hijo natural tiene señalado un término especial de prescripción, bajo dicha Ley núm. 73 de 1911. El ya mencionado *dictum* expresado en *Torres* v. *Sucn. Cautiño,* supra, es incompatible con esta opinión y, por lo tanto, tal *dictum* debe ser considerado como revocado. No es aplicable a un presunto hijo natural como el del caso de autos el término prescriptivo de 15 años computados después de su mayor edad, sino que es aplicable el término prescriptivo establecido en el artículo 126 de nuestro Código Civil."

(³) La sentencia apelada fué dictada con anterioridad a la fecha en que aclaramos y revocamos el *dictum* del caso de *Torres* v. *Sucn. Cautiño.* supra.

Los hechos alegados en la demanda establecen que Luisa O'Neill, madre de los demandantes, reunía la condición de hija natural y que su padre Antonio Carrasquillo Carrión falleció el día 11 de junio de 1951. Habiéndose radicado la demanda en este caso, en el mes de septiembre del mismo año 1951, la acción se ejercitó dentro del año de fallecido Carrasquillo Carrión, y por tanto, no ha prescrito, conforme a las disposiciones del artículo 126 del Código Civil, preceptivo de que las acciones para el reconocimiento de hijos naturales, sólo podrán ejercitarse en vida de los presuntos padres o un año después de su muerte, salvo en ciertos casos, que es innecesario mencionar aquí.

*Se revoca la sentencia apelada y se devuelve el caso al tribunal a quo para ulteriores procedimientos.*

El Juez Presidente Sr. Todd, Jr., no intervino.