ORTA, DEMANDANTE Y APELANTE, *v.* ARZUAGA ET AL., DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 2ª., en causa sobre filiación.

No. 1262.—Resuelto en noviembre 30, 1915.

PRESCRIPCIÓN—EXCEPCIÓN PREVIA FUNDADA EN UN ARTÍCULO NO APLICABLE—DEFENSA.—Cuando en la excepción se ha especificado el artículo de la ley en que se apoya la prescripción de la acción, y tal artículo no es aplicable, sino otro distinto, no procede sostener la excepción por el último de dichos preceptos, porque el demandante no tuvo oportunidad de defenderse de una controversia que no se planteó debidamente.

FILIACIÓN—PRESCRIPCIÓN DE LA ACCIÓN—CITACIÓN EN LA EXCEPCIÓN DE LA LEY EN QUE SE BASA.—Pero cuando como sucede en este caso si bien no se alega de una manera precisa el artículo de la ley en que se funda la excepción de prescripción, es lo cierto que se consignan datos suficientes para plantear el problema jurídico, y se demuestra que la cuestión suscitada fué claramente

entendida, tanto en la corte inferior como en esta Corte Suprema, por el demandante y apelante, entonces puede y debe resolverse la cuestión de prescripción envuelta.

Id.—Duración de la Acción de Filiación—Prescripción—Constitucionalidad del Artículo 199 del Código Civil Revisado.—De acuerdo con la legislación anterior al Código Civil Revisado, o sea el Código Civil de 1889, un hijo podía ejercitar la acción de filiación mientras viviera el padre (artículo 137 del Código Civil antiguo), y de acuerdo con el Código Civil Revisado de 1902 (artículo 199), sólo dos años después de haber arribado a la mayor edad, o en caso de ser mayor de edad en 1902, sólo dos años después de la vigencia de dicho código, interpretación esta última necesaria a los efectos de que dicho artículo 199 del Código Civil Revisado pueda considerarse constitucional.

Id.—Derechos Adquiridos al Amparo del Artículo 137 del Código Civil Antiguo y del 199 del Código Civil Revisado—Ley No. 73 de 9 de Marzo de 1911—Efecto Retroactivo de las Leyes.—Es un principio sancionado por el artículo 3 del Código Civil Revisado, que las leyes no tendrán efecto retro-activo si no dispusieren expresamente lo contrario, y que en ningún caso podrá el efecto retroactivo de una ley perjudicar los derechos adquiridos al amparo de una legislación anterior. Así, no disponiéndose por la Ley No. 73 de 9 de marzo de 1911 que tenga efecto retroactivo, no es posible aplicarla de manera tal que reviva derechos ya extinguidos con arreglo a la legislación anterior, no pudiendo en ningún caso el efecto retroactivo que pudiera reco-nocérsele perjudicar derechos adquiridos al amparo del artículo 137 del Código Civil antiguo y del 199 del Código Civil Revisado.

Id.—Caso de Campbell v. Holt.—En este caso se examina el de *Campbell v. Holt*, 115 U. S. 620, y se ratifica la doctrina sentada en los de *Gual et al. v. Bonafoux et al.*, 15 D. P. R. 559, 568; *de Jesús v. Sucesión Pérez Villamil*, 18 D. P. R. 403; *Robles v. Sucesión Pérez*, 18 D. P. R. 929; y *Osorio v. Sucesión Pérez*, 18 D. P. R. 932.

Filiación—Distinción Entre la Ley de 1911 y la que Regía Antes de 1902 Sobre la Materia.—La ley de 1911 no se limitó a poner en vigor la que regía antes de 1902. Entre ambas existe una variación fundamental. Según el Código Civil antiguo sólo podía, como regla general, ejercitarse la acción de filiación mientras viviera el presunto padre; y según la ley No. 73 de 1911 ese plazo se extiende hasta un año después de muerto el padre. Bajo el régimen del Código Civil antiguo, el presunto padre podía contestar siem-pre y negar por sí mismo la paternidad que se le atribuía; bajo el de la ley de 1911 puede esperarse a que el presunto padre muera para establecer la demanda, pudiendo imputarse al dicho alegado padre actos cuya certeza en muchos casos le es muy difícil a los herederos comprobar.

Los hechos están expresados en la opinión.

Abogados del apelante: Sres. *J. H. Brown* y *Henry G. Molina.*

Abogado de los apelados: Sr. *Eduardo Acuña Aybar.*

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

El presente es un caso sobre filiación. Lorenzo Orta presentó una demanda en la Corte de Distrito de San Juan, Sección 2ª., el 20 de marzo de 1912, alegando que allá por el año de 1874 Don Ignacio Arzuaga y Doña Jacinta Orta, ambos solteros, residentes en Puerto Rico y sin impedimento para contraer matrimonio, sostuvieron relaciones amorosas, que continuaron sin interrupción durante cinco años, más o menos, y que de esas relaciones nació el demandante en el dicho año de 1874. Alegó además el demandante que desde que nació, su padre Ignacio Arzuaga le tuvo y trató como hijo natural, atendiendo a su subsistencia y llamándole hijo, así en conversaciones privadas y familiares como ante extraños; que tales relaciones entre hijo y padre continuaron hasta la muerte del último ocurrida el 20 de marzo de 1911; que su dicho padre murió bajo testamento otorgado el 24 de mayo de 1895 en el cual nombró a sus herederos omitiendo al demandante; que parte de los bienes de su padre, en su mayoría inmuebles, se hallan radicados en los términos municipales de Carolina y Loíza, y que los demandados, que son los herederos nombrados por Arzuaga en su testamento, se niegan a reconocer al demandante como hijo natural de Arzuaga, y se oponen a que el demandante use el apellido de su padre y entre en posesión de los bienes en que consiste la herencia de su referido padre.

Los demandados excepcionaron la demanda en la siguiente forma:

"Que excepcionan la demanda en este caso, bajo el fundamento de no aducir hechos bastantes a determinar una causa de acción, en razón a que la acción de filiación en ella ejercitada, se encuentra prescrita de acuerdo con lo establecido en el artículo 194 del Código Civil revisado de esta isla, tal como se redactó originariamente y tal como fué reformado por la Asamblea Legislativa de esta isla en ley de 9 de marzo de 1911."

Y la corte de distrito, el 6 de noviembre de 1914, dictó sentencia declarando prescrita la acción del demandante. El

demandante interpuso entonces el presente recurso de apelación, cuya vista se celebró el 25 de junio de 1915, con asistencia e informes de los abogados de ambas partes.

La primera cuestión que debemos estudiar y resolver es la de si la excepción de prescripción se alegó o no de acuerdo con la ley.

En la sentencia apelada se establece la conclusión de que la acción ejercitada por el demandante está prescrita. De ser correcta la conclusión de la corte sentenciadora, ha tenido que fundarse en el artículo 199 del Código Civil revisado, artículo que fué expresamente derogado por la sección 4 de la ley número 73 de 1911. Y el apelante sostiene en su alegato que si ese es el fundamento de la sentencia, "no fué suscitado por la excepción previa, la cual se 'fundó únicamente en el artículo 194 del Código Civil.' "

En el caso de *Lamb & Co.* v. *Fantauzzi Hermanos,* 17 D. P. R. 307, 312, interpretando el artículo 128 del Código de Enjuiciamiento Civil a la luz de la jurisprudencia de California, esta corte se expresó así:

"Pero cuando en la excepción se ha especificado, como en el caso presente, el artículo de la ley en que se apoya la excepción de prescripción de la acción, y tal artículo no es el aplicable, sino otro distinto, no sería justo sostener en tales condiciones la excepción bajo ese otro precepto, porque no fué propuesta la cuestión de acuerdo con él y los demandantes no tuvieron oportunidad de defenderse de una controversia que no se le planteó, en cuyo caso debe desestimarse la excepción. *Bank* v. *Wickersham,* 99 Cal. 655."

En el presente caso si bien no se designó el artículo 199 por su número y se citó el 194, es lo cierto que se hizo la citación en la forma que dejamos transcrita y es lo cierto también que en el Código Civil, tal como quedó enmendado por la ley número 73 de 1911, el artículo 194 tomó el lugar del 199 derogado por la expresada ley. Además el demandante tuvo la oportunidad de defenderse. Su alegato revela un estudio cuidadoso y hondo de la exacta cuestión en controversia y en su informe oral pidió a esta corte que aunque

decidiera que la prescripción no se había alegado de acuerdo con la ley y revocara por tal motivo la sentencia apelada, no dejara de entrar a estudiar y a resolver la cuestión de prescripción envuelta.

A nuestro juicio si bien debió alegarse de una manera más precisa el artículo de la ley en que se fundó la excepción de prescripción, en la forma en que se hizo se consignaron datos suficientes para plantear el problema jurídico y dicho problema fué bien entendido por la parte contraria, el demandante y apelante, y por la corte. Bajo tales circunstancias, opinamos que debemos prescindir de la cuestión de forma suscitada y resolver el recurso en su fondo—esto es, que estamos obligados a decidir si la acción ejercitada por el demandante había o no prescrito al tiempo de interponerse la demanda.

La cuestión no es nueva. Ha sido decidida por esta misma corte en varios casos. Pero el apelante entiende que debemos resolverla ahora en sentido contrario basándonos en la jurisprudencia que cita y en las sugestivas consideraciones que hace en su alegato.

El demandante alega en su demanda que nació en el año de 1874. De acuerdo con la legislación anterior al Código Civil revisado, o sea el Código Civil de 1889, el demandante hubiera podido ejercitar su acción de filiación mientras viviera el padre (art. 137 del Código Civil antiguo), y de acuerdo con el Código Civil revisado de 1902, (art. 199), sólo dos años después de haber arribado a la mayor edad, o en caso de ser mayor de edad en 1902, sólo dos años después de la vigencia de dicho código, interpretación esta última necesaria a los efectos de que el dicho artículo 199 del Código Civil revisado pueda considerarse constitucional. La demanda se interpuso el 20 de marzo de 1912, o sea después de muerto el alegado padre del demandante y después de haber transcurrido con exceso dos años, bien contados a partir de la fecha en que el demandante entró en su mayor edad, ya de la en que comenzó a regir el Código Civil revisado.

Pero el demandante sostiene que en el año de 1911 el legislador redactó el artículo 194 del Código Civil revisado de manera tal que dispone ''que las acciones para el reconocimiento de hijos naturales, sólo podrán ejercitarse en vida de los presuntos padres, o un año después de su muerte,'' salvo los casos que la misma ley especifica, y que de acuerdo con dicha disposición legal su acción ha revivido y no puede considerarse en modo alguno prescrita, ya que la demanda se interpuso dentro de un año después de la muerte del padre del demandante.

La exacta cuestión suscitada por el apelante fué decidida por esta Corte Suprema en los casos de *De Jesús* v. *Suc. Pérez Villamil,* 18 D. P. R. 403; *Osorio* v. *Sucesión Pérez,* 18 D. P. R. 932, y *Robles* v. *Sucesión Pérez,* 18 D. P. R. 929. El razonamiento de la corte en el primero de dichos casos fué como sigue:

''Inútilmente invoca Isabel de Jesús en su defensa la ley número 73 aprobada en 9 de marzo de 1911, según la cual las acciones para el reconocimiento de hijos naturales no sólo podrán ejercitarse en vida de sus padres, sino un año después de su muerte.

''Esa ley no es aplicable al presente caso, porque en su fecha había caducado ya la acción de filiación con arreglo al artículo 199 del Código revisado, y ella no puede dar vida a un derecho ya muerto.

''Es un principio sancionado por el artículo tercero del Código Civil revisado que las leyes no tendrán efecto retroactivo si no dispusieren expresamente lo contrario, y que en ningún caso podrá el efecto retroactivo de una ley perjudicar los derechos adquiridos al amparo de una legislación anterior. De dicho principio se infiere que no disponiéndose por la ley de 9 de marzo de 1911 que tenga efecto retroactivo, no puede dársele ese efecto, y que en ningún caso ese efecto retroactivo podría perjudicar los derechos adquiridos por Ramón Pérez Villamil y su sucesión al amparo del artículo 199 del Código Civil revisado.'' *De Jesús* v. *Sucesión Pérez Villamil,* 18 D. P. R. 403, 407.

Pero el apelante sostiene que la jurisprudencia de esta corte es contraria a la establecida por la Corte Suprema de los Estados Unidos en el caso de *Campbell* v. *Holt,* 115 U. S.

620, y pide que aplicando los principios sentados por el más alto tribunal de la nación, revoquemos los que sirvieron de base a nuestras decisiones en los casos ya citados. Hemos estudiado cuidadosamente el caso de *Campbell* v. *Holt, supra,* y, a nuestro juicio, aplicado a éste de *Orta* v. *Arzuaga* que estamos resolviendo, no produce el efecto de revocar la sentencia apelada. Más bien pueden encontrarse en él argumentos para confirmar dicha sentencia.

Dicho caso se originó en Texas. Malvina Stamps, después Holt, heredó de su madre cierto interés en unas tierras y algunos esclavos. El padre de Malvina alquiló los esclavos y vendió el interés sobre las tierras, apropiándose del producto de todo en su propio beneficio. Malvina estableció una demanda reclamando lo que se le debía por el concepto indicado. El demandado alegó que la acción de la demandante había prescrito.

La legislatura de Texas que había pasado varias leyes suspendiendo los efectos de la Ley de Prescripción durante el tiempo de la Guerra Civil, en 1866 la puso de nuevo en vigor. En tal año Malvina era mayor de edad y aplicando la Ley de Prescripción puesta de nuevo en vigor, hubiera sido necesario concluir que el tiempo fijado en la misma había transcurrido sin que Malvina presentara su acción ante los tribunales, y, por consiguiente, que su acción había prescrito. Pero sucedió que en 1869 el Estado de Texas adoptó una nueva Constitución, disponiendo en el artículo 12, sección 43, de la misma, lo que sigue: "Las leyes sobre prescripción de acciones civiles fueron suspendidas por la llamada Ley de Sucesión de 28 de enero de 1861, y serán consideradas como suspendidas dentro de este Estado, hasta que esta constitución se acepte por el Congreso de los Estados Unidos." El asunto llegó finalmente a la Corte Suprema de los Estados Unidos y ésta resolvió que el demandado no pudo oponer válidamente a la acción de la demandante ningún verdadero derecho adquirido al amparo de la Ley de 1866 y por consiguiente que el precepto de la Constitución de 1869 era apli-

cable y, por tanto, que la acción de la demandante no había prescrito. La jurisprudencia establecida por la Corte Suprema de los Estados Unidos, se reasume así:

"La derogación de un estatuto relativo a la prescripción de las acciones sobre deudas personales en lo que respecta a un deudor, estando ya prescrito el derecho de acción contra dicho deudor, no le priva de su propiedad en violación de la Enmienda Catorce de los Estados Unidos." *Campbell* v. *Holt,* 115 U. S. 620.

La opinión de la corte se dictó por mayoría, disintiendo los jueces Señores Bradley y Harlan, y en ella se hizo resaltar con toda claridad que no se trataba de un pleito para recobrar la posesión de propiedad real o personal, sino para recobrar por virtud de la violación de un contrato implícito de pago de dinero. "La distinción es clara," dijo la corte, "y, dada la opinión que del caso hemos formado, importante."

También se dijo en la opinión lo que sigue:

"Conocemos que pueden encontrarse en las opiniones de las cortes de los Estados de la Unión, expresiones en pro de la idea de que el transcurso del lapso de tiempo requerido para el ejercicio de la acción, extingue el derecho y que éste es el principio en el cual descansan las leyes de prescripción.

"Pero se encontrará que muchas de ellas fueron emitidas en casos donde los pleitos eran para recobrar una propiedad real o personal específica y donde por tanto el principio era claro porque el derecho del demandante en la propiedad se había extinguido y había llegado a ser un derecho adquirido por el demandado. En otras, la constitución del estado prohibía la legislación retroactiva."

Tenemos, pues, en primer lugar, que en el caso de Texas la misma Constitución de 1869 prescribía expresamente que la Ley de Prescripción del Estado debía considerarse suspendida hasta que la constitución fuera aceptada por el Congreso de los Estados Unidos, y en el caso de Puerto Rico la ley de 1911 que se invoca, nada expresamente dispone con respecto al efecto retroactivo de la misma en cuanto a derechos ya extinguidos con arreglo a la legislación anterior, y en esta isla: "Las leyes no tendrán efecto retroactivo si no

dispusieren expresamente lo contrario.　En ningún caso podrá el efecto retroactivo de una ley perjudicar los derechos adquiridos al amparo de una legislación anterior.''　Artículo 3 del Código Civil.

En segundo lugar, la acción de filiación es distinta de la que dió origen al caso de *Campbell* v. *Holt*.　La naturaleza especialísima de la acción de filiación fué fijada con toda claridad por esta corte en el caso de *Gual et al.* v. *Bonafoux et al.*, 15 D. P. R. 559, 568.　Hablando por la corte el Juez Presidente Hernández se expresó así:

"Aun más, prescindiendo de cuanto dejamos expuesto para sostener que la acción de reconocimiento ha prescrito por haber transcurrido el tiempo señalado para su ejercicio por la ley aplicable al caso, parécenos que el artículo 1973 del Código Civil español que es el 1874 del revisado, no es de aplicación al caso excepcional de prescripción de que se trata, por cuanto el artículo 1938 del Código Civil antiguo, que es el 1839 del revisado, establece que las disposiciones del título 18 de ambos códigos sobre prescripción, se entienden sin perjuicio de lo que en ambos códigos se establezca respecto a determinados casos de prescripción.

"El caso de prescripción de que estamos tratando es especial y de tal naturaleza, que no cabe interrupción de término, pues si la acción de reconocimiento de hijos naturales sólo ha podido ejercitarse en el tiempo que marca el artículo 137 del Código Civil español, aplicable al caso, es claro que la acción desaparece y queda extinguida transcurrido el tiempo señalado para su ejercicio.

"Al señalar dicho código tiempo cierto y determinado para el ejercicio de la acción de reconocimiento, parece como que quiso evitar incertidumbres y amenazas que pudieran perturbar la paz y sosiego de la familia.''　15 D. P. R. 559, 568.

Y por último, aun cuando se concluyera que este caso de *Orta* v. *Arzuaga* no podía distinguirse del de *Campbell* v. *Holt,* y en la hipótesis de que pudiera darse a la ley de 1911 el efecto retroactivo indicado, aplicando los principios sentados por la Corte Suprema de los Estados Unidos tendríamos que concluir que los demandados tenían un verdadero derecho adquirido dentro del significado de la juris-

prudencia, ya que en el fondo toda acción de filiación general-
mente envuelve la reclamación inmediata o remota de alguna
propiedad, hecho que resalta aun más en este caso concreto
en que el demandante y apelante alega en su demanda, como
expusimos al principio de esta opinión, que parte de los bienes
de su padre, en su mayoría inmuebles, se hallan radicados en
los términos municipales de Carolina y Loíza, y que los
demandados, que son los herederos nombrados por Arzuaga
en su testamento, se niegan a reconocer al demandante como
hijo natural de Arzuaga y se oponen a que el demandante
use el apellido de su padre y entre en posesión de los bienes
de que consiste su herencia.

Y la Corte Suprema, en el repetido caso de *Campbell* v.
*Holt,* se expresó así:

"Muy bien puede declararse que en una acción para recobrar
bienes inmuebles o muebles en que la cuestión que se discute es que
el obstáculo creado por el estatuto de prescripción ha quedado sin
efecto por virtud de una ley que ha sido aprobada después que dicho
obstáculo ha tenido lugar, dicha ley priva a la parte de su propiedad
sin el debido procedimiento de ley. El fundamento de esto es que
la propiedad pasó a ser del demandado de acuerdo con la ley que
regía con anterioridad a la derogatoria. Tanto el título legal·como
la verdadera posesión habían pasado al demandado, y dar a la ley
el efecto de traspasar tal título al demandante, sería privar a aquél
de su propiedad, sin el debido procedimiento de ley.

"Pero somos de opinión que hacer desaparecer el obstáculo por
el cual el estatuto de prescripción permite a un deudor intervenir
para impedir el pago de su deuda, está basado en fundamentos muy
distintos."

*Campbell* v. *Holt,* 115 U. S. 623.

Se ha dicho que la ley de 1911 se limitó a poner en vigor
la que regía antes de 1902, y esto no es así. Según el Código
Civil antiguo, sólo podía, como regla general, ejercitarse la
acción de filiación mientras viviera el presunto padre. Y
según la enmienda de 1911, ese plazo se extiende hasta un
año después de muerto el padre. La variación es fundamen-
tal. Bajo el régimen del Código Civil antiguo, el presunto

padre podía contestar siempre y negar por sí mismo la paternidad que se le atribuía. Bajo el de la ley de 1911, puede esperarse a que el presunto padre muera para establecer la demanda, pudiendo imputarse al dicho alegado padre actos cuya certeza en muchos casos le es muy difícil a los herederos comprobar.

Debe confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y Aldrey.

El Juez Asociado Sr. Hutchison disintió.