CÁNDIDA GUADALUPE, demandante y apelante, *v.* MICAELA GONZÁLEZ CRUZ, demandada y apelada.

No. 3543.—*Visto:* Abril 29, 1925. *Resuelto:* Agosto 1, 1925.

1. HIJOS NATURALES— RECONOCIMIENTO— ACCIÓN— PRESCRIPCIÓN. — Atendida la prueba presentada en el caso de autos en relación con la edad de la demandante, *re resolvió* que la corte erró al considerar la acción prescrita.
2. HIJOS NATURALES — RECONOCIMIENTO — ACCIÓN — PRUEBA SUFICIENTE. — Una prueba que conecta al presunto padre con la hija, de modo contínuo, desde el nacimiento de ésta hasta la muerte de aquél es suficiente para establecer el nacimiento, reconocimiento y disfrute continuo del estado de hijo natural reconocida.

SENTENCIA de *M. Rodríguez Serra, J.* (Segundo Distrito, San Juan), declarando sin lugar la demanda, con costas. *Revocada,* declarándose con lugar la demanda, sin costas.

*Campillo & Campillo,* abogados de la apelante; *Jacinto Texidor,* abogado de la apelada.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Cándida Guadalupe inició este pleito el 10 de noviembre de 1921 contra Micaela González Cruz en solicitud de una sentencia que legalizara su *"status"* de hija natural reconocida de Manuel Santa. Este falleció el 25 de noviembre de 1920 y su viuda, la demandada, fué declarada su única y universal heredera el 14 de enero de 1921. En la demanda se alega que Manuel Santa y Mariana Guadalupe sostuvieron relaciones amorosas por más de cinco años a partir del 1901, naciendo como resultado de ellas, en Río Piedras, la demandante. Se exponen los hechos necesarios determinantes del reconocimiento de ésta por su padre y del disfrute continuo de la demandante del estado de hija natural reconocida de Santa.

Contestó la demandada y fué el pleito a juicio dictándose sentencia contraria a la demandante el 23 de febrero de 1924.

De la opinión emitida por el juez de distrito para fundar su sentencia, copiamos lo que sigue:

"En el acto del juicio se practicó prueba documental y testifical por ambas partes consistentes, por la demandante, en la resolución de esta corte, declarando a la demandada heredera abintestato de Manuel Santa sin perjuicio de tercero de mejor derecho; la certificación del encargado del Registro Civil de Río Piedras, expresando, que examinados todos los libros de la sección de nacimientos de su cargo, no aparece en ellos la inscripción de Cándida Guadalupe, hija natural de Mariana Guadalupe; otra certificación expedida por el presbítero don Aurelio Marrero de la inscripción del bautismo de una niña nombrada Cándida que se dice nació el día 3 de enero de 1901, verificándose el bautismo al año siguiente, en mayo, y expresando que la niña bautizada es hija natural de Mariana Guadalupe. Por parte de la demandada se presentó una certificación expedida por el Comisionado de Beneficencia encargado del Registro Civil de Río Piedras del acta de matrimonio de Cándida Guadalupe con Modesto Vidal, que tuvo lugar el 25 de octubre de 1919 ante el Ministro Bautista, Alfred Story; en este documento se expresa que Cándida Guadalupe tenía entonces veinte años de edad.

"Con relación al hecho esencial de la edad de la demandante en el momento de iniciarse esta acción, tenemos pues, además de los tres últimos documentos mencionados, las declaraciones siguientes: de Mariana Guadalupe, madre de Cándida. Dijo haber vivido con Santa durante veinte y tres años, pero no precisó cuándo empezó tal unión. Tampoco pudo explicar los años que vivió con Santa, estando él soltero o casado. Tomasa Peñalver dijo que asistió como comadrona a Mariana Guadalupe quien tuvo una hija. Santa solicitó sus servicios y pagó los honorarios; que el alumbramiento ocurrió cuando aún imperaba el gobierno español en Puerto Rico, pero no indicó fecha precisa.

"En cuanto a las demás alegaciones esenciales de la demanda consideramos probado únicamente que Santa tuvo relaciones íntimas con Mariana Guadalupe muchos años antes de morir (23 años según Mariana); que la facilitaba algunos medios para sostenerse; que mostraba algún afecto y protección a la hija de Mariana a quien en alguna ocasión llamó hija; que ésta visitaba la madre de Santa; que al contraer la demandante matrimonio, Santa indicó a Teodoro Pagán que deseaba hacer una casa a su hija.

"Estos hechos por sí solos no bastan para demostrar satisfactoriamente la posesión continua del estado de hija natural del padre demandado según el artículo 135 del Código Civil Español vigente, en la fecha que se dice ocurrió el nacimiento.

"Por otra parte, la demandada alega que según el artículo 137 del mismo Código Civil Español, la acción para el reconocimiento de los hijos naturales sólo puede ejercerse en vida de los presuntos padres, salvo el caso del fallecimiento del padre o madre durante la menor edad del hijo, en cuyo caso éste podrá deducir la acción antes de que transcurran los primeros 4 años de su mayor edad. La prueba sobre ese extremo es contradictoria, como hemos visto; pues, si bien la certificación parroquial del bautizo indica que había nacido el 3 de enero de 1901 y no en 1902, como dice la demanda, no puede tomarse aquélla como prueba prima facie del nacimiento; la propia interesada al contraer matrimonio en 25 de octubre de 1919, aparece con veinte años de edad, circunstancia ésta que debió ella haber declarado bajo juramento en la solicitud para contraer matrimonio; de acuerdo con la ley.

"De otra parte, la comadrona que nos habla de que la niña nacida en la ocasión en que Manuel Santa solicitó sus servicios, vino al mundo cuando aún regía la soberanía de la Isla, esto es, en o antes del 1898, ante tal desacuerdo hemos de llegar a la conclusión de que la demandante no ha demostrado cuál es su edad. Y no

hay que olvidar que, al contraer matrimonio, aún vivía su padre, y, que si en esa fecha, 25 de octubre de 1919, era menor, quedó emancipada, y, según el artículo 310 del Código Civil vigente, como tal menor emancipada por razón del matrimonio, pudo comparecer en las Cortes de Distrito, representando sus derechos en todos los casos, con la sola limitación expresada en el párrafo segundo del artículo 309.

"Pudo, pues, la demandante, mientras vivió su padre haber ejercitado la acción que hoy ejercita. No lo hizo sino hasta noviembre de 1921 y ya su acción había prescrito."

No conforme la demandante apeló señalando en su alegato la comisión de cinco errores que envuelven estas dos cuestiones: ¿Está la acción ejercitada prescrita? Si no lo está, ¿probó la demandante que es hija natural reconocida de Manuel Santa y que disfrutó continuamente de tal estado?

[1] Examinemos la primera. No pudo presentarse la mejor prueba de la edad de la demandante porque su nacimiento no se inscribió en el registro civil. Se aportó la partida del registro de su bautismo. En ella el sacerdote hizo constar el nacimiento de la demandante como ocurrido el 3 de enero de 1901. El bautismo se celebró el 4 de mayo de 1902. La madre aseguró que su hija nació el 1901. Tomasa Peña, la comadrona, declaró en forma tal que es difícil tomar su declaración como base para llegar a una conclusión exacta. Dice que el nacimiento dataría de 21 años a la fecha del juicio; luego, que ocurrió cuando la soberanía española; después, que no se acuerda si para el ciclón de San Ciriaco regía el gobierno español o el americano y que creía que los americanos estaban aquí hacía 13 ó 12 años a la fecha del juicio. La parte demandada introdujo como prueba el acta de matrimonio de la demandante celebrado en octubre de 1919 en la que se fija su edad en veinte años.

A nuestro juicio la declaración de la comadrona en cuanto al particular de la edad de la demandante debería descartarse enteramente. No puede basarse conclusión alguna segura en un testimonio tan contradictorio en sí mismo. La

certificación de matrimonio sólo contiene lo expresado por el ministro. Es de presumirse que el dato se tomara de la propia declaración de la contrayente. Aceptando que fuera cierto, la edad de la demandante tendría que fijarse en 22 años a la fecha de la interposición de la demanda. De acuerdo con la declaración de la madre y lo consignado por el sacerdote en el acta de bautismo, la demandante no habría cumplido veinte y un años a la fecha en que inició su pleito. La declaración de la madre podría estimarse quizá como interesada, mas no así la apreciación del sacerdote. La niña fué llevada a su presencia el 4 de mayo de 1902. De esto parece no haber duda, y desde entonces, cuando no existía motivo alguno de interés, se consignó la apreciación de un hombre inteligente, basada en la personal observación y lógicamente en datos ofrecidos por personas que podían proporcionarlos, que la demandante tenía un año y meses de edad. En un último análisis de la prueba parece justo dar el mayor crédito al dato contenido en la partida de bautismo. Siendo ello así, no habiendo la demandante llegado a la mayor edad a la fecha en que entabló la demanda, la prescripción no existe.

Pero aún dando entero crédito a la partida de matrimonio, no ya a la partida de matrimonio, sino a la declaración de la comadrona en lo más desfavorable a la demandante, tendría que reconocerse que la demandante había nacido alrededor de 1898 y que cuando interpuso la demanda tendría de 23 a 25 años de edad y cuando comenzó a regir la enmienda del 1911 al artículo 194 del Código Civil tendría de 13 a 15 años. Siendo ello así, la ley aplicable de acuerdo con la 4ª de las Disposiciones transitorias del Código Civil, sería el artículo 194 de dicho Código, tal como fué enmendado en 1911, y como por dicha enmienda se establece que la acción para el reconocimiento podrá ejercitarse en vida de los presuntos padres, *o un año después de su muerte,* y como no había transcurrido un año después de la muerte del presunto padre cuando la acción fué ejer-

citada en este caso, erró la corte al considerar la acción prescrita.

[2] Descartada la prescripción, queda sólo una cuestión de prueba. La ley que debe aplicarse es el Código Civil anterior al revisado, artículo 135. Conocemos el juicio de la corte. ' Después de un estudio cuidadoso de la evidencia, opinamos que también erró al apreciar la prueba. Va más lejos que lo que la corte de distrito expresa. Conecta al padre con la hija desde el nacimiento de ésta de modo continuo hasta la muerte del padre, y hay una declaración de gran importancia a la que la dicha corte no reconoció todo su mérito. Nos referimos a la declaración de Teodoro Pagán quien dijo que poco antes de morir Santa, ante su propia esposa la demandada, le encomendó la compra de un solar para fabricar una casita a su hija la demandante. Además aparece que cuando la demandante iba a contraer matrimonio, el novio habló con Santa y que éste se refería a él como a su yerno. La prueba es clara también con respecto al hecho de que la demandante era recibida desde niña por la madre de Santa como la hija de éste y como tal tratada y estimada.

El nacimiento, el reconocimiento y el disfrute continuo del estado de hija natural reconocida quedaron así suficientemente demostrados.

*Debe revocarse la sentencia apelada y dictarse otra declarando la demanda con lugar, sin especial condenación de costas.*

Los Jueces Asociados Sres. Wolf y Aldrey, disintieron.