MATEO ORTIZ, demandante y apelante, *v.* LA SUCESIÓN DE ROQUE STELLA, compuesta de sus hijos LUCIANO, MARÍA CRISTINA y MARGARITA STELLA y su nieto LUCIANO STELLA, demandada y apelada.

No. 6244.—*Sometido:* Febrero 19, 1934. *Resuelto:* Junio 30, 1934.

*F. Cervoni Gely,* abogado del apelante; *T. Bernardini de la Huerta,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal.

Es ésta una acción de filiación resuelta por la Corte de Distrito de Guayama contra el demandante Mateo Ortiz, y apelada ante esta Corte Suprema. Después de ultimado el recurso interpuesto y de radicados los alegatos de ambas partes, fallecieron el abogado del apelante, Francisco Cervoni Gely, y el propio apelante, Mateo Ortiz. Señalada la vista de la causa para el día 25 de enero de 1934, compareció el abogado de la apelada y sometió el caso, anunciando que el abogado de la parte apelante había fallecido. Esta corte dejó sin efecto la vista cuando aun no teníamos conocimiento de la muerte del apelante, y señaló el 19 de febrero de 1934

para una nueva vista, ordenando a la parte apelada que notificara a la apelante de la fecha de la misma y de su alegato.

La parte apelada ha comparecido de nuevo acompañando la partida de defunción del apelante Mateo Ortiz y solicitando que esta corte resuelva este caso en sus méritos con los alegatos radicados por las partes y de acuerdo con el artículo 43 del Código de Enjuiciamiento Civil. El artículo invocado por la parte apelada dice así:

"Si se diere principio a una acción dentro del término prescrito para la misma, y el demandante, o los demandantes, si hubiere más de uno, falleciere, o fallecieren, según el caso, y subsistiere la causa legal de la acción; o si el demandado, o los demandados, si hubiere más de uno, falleciere, o fallecieren, según el caso, la acción no caducará por razón de dicho fallecimiento, sino que el tribunal, a instancia de cualquiera de las partes, citará al albacea, administrador, o heredero, del finado o finados, y dicha citación se librará, ejecutará y diligenciará en la forma establecida por la ley para las citaciones ordinarias; y al albacea, administrador o heredero, se lo requerirá para que comparezca a proseguir (*o defender*) dicha acción; y una vez diligenciada dicha citación en debida forma, la acción continuará en nombre de la nueva parte, o partes, según el caso, después de lo cual la corte a su tiempo pronunciará sentencia, de acuerdo con la ley y los hechos probados.

"Si la causa estuviere pendiente ante la Corte Suprema, la causa legal de la acción no caducará por razón del fallecimiento de cualquiera de los actores, siempre que dicha acción subsistiere, como tampoco por razón de la muerte de cualquiera de los demandados, sino que el tribunal procederá a juzgar y fallar dicha causa, como si viviesen todas las partes y dicho fallo tendrá la misma fuerza y efecto que si se hubiese dictado en vida de las partes."

Entendemos que el segundo párrafo del artículo que antecede nos concede autoridad para resolver el caso en sus méritos. Ambas partes han expuesto sus argumentos en defensa de sus respectivas posiciones por medio de alegatos oportunamente radicados, y los demandados, basándose en esta argumentación, han sometido el caso a la consideración de este tribunal. En virtud de la autoridad que nos concede la ley, pasamos a resolver las cuestiones planteadas.

Se alega en la demanda que Roque Stella falleció en Patillas el día 27 de diciembre de 1929 y que durante todo el año de 1902 y desde muchos años anteriores a esa fecha, vivió en público, notorio y conocido concubinato con doña Alejandrina Ortiz, siendo entonces ambos solteros y estando en condiciones de contraer matrimonio entre sí sin dispensa ni inconvenientes de ningún género; que durante el concubinato del Sr. Stella y de la Sra. Ortiz, ésta concibió y dió a luz al demandante Mateo Ortiz, quien nació en el barrio Lizas de Maunabo el día 23 de noviembre de 1902; que el mencionado Roque Stella siempre tuvo y consideró, pública y privadamente, como hijo suyo al demandante Mateo Ortiz, a quien llamaba "hijo" en sus conversaciones y de quien se ocupaba como tal, sugiriendo el nombre que debía ponerse al hijo y haciéndole bautizar en la religión católica, apostólica y romana, que era la religión profesada por el Sr. Stella, quien bendecía al demandante paternalmente, y que todos sus actos eran demostrativos de una franca y cariñosa paternidad.

Contra la referida demanda dedujeron excepción previa los demandados, alegando la prescripción de la acción ejercitada. La corte inferior desestimó la excepción, citando en apoyo de su resolución los casos de *Ciuró* v. *Ciuró,* 31 D.P.R. 728, y *Guadalupe* v. *González,* 34 D.P.R. 673. Posteriormente se decidió por esta corte el caso de *González* v. *Rodríguez,* 43 D.P.R. 66, y los demandados, basados en la doctrina sentada en dicho caso, reprodujeron su excepción previa y solicitaron la reconsideración de la cuestión resuelta. La corte así lo hizo, y, estimando prescrita la acción ejercitada, dictó sentencia declarando sin lugar la demanda.

Alega el apelante que la corte cometió error al desestimar la demanda, fundada equivocadamente en la teoría del caso de *González* v. *Rodríguez.* Hemos visto que la excepción previa fué desestimada primeramente, aplicándose el criterio sostenido en el caso de *Guadalupe* v. *González,* y que luego se declaró con lugar, en moción de reconsideración, basándose la corte en el caso de *González* v. *Rodríguez.* Siendo ésta la

última expresión del criterio de este tribunal sobre la cuestión planteada, es natural que la corte sentenciadora se sintiese obligada a seguir la opinión emitida en dicho caso, que copiada a la letra dice así:

"Se trata de un pleito de filiación. La Corte de Distrito de Arecibo dictó la siguiente opinión al declarar con lugar una excepción previa:

" 'Jovito González radicó en la Corte de Distrito de San Juan el 28 de septiembre de 1929 demanda sobre filiación contra Jovito Rodríguez, en la que alega que nació en Morovis el día 3 de marzo de 1903 mientras su madre Ventura González y su supuesto padre Jovito Rodríguez vivían en concubinato público, teniéndole dicho Jovito Rodríguez pública y privadamente como hijo suyo, realizando con él actos de padre para con un hijo, y sin que tales relaciones hayan sido interrumpidas en momento alguno desde el nacimiento del demandante. A esa demanda se estableció por el demandado la excepción previa de que la acción está prescrita. Por virtud de una orden de traslado, esta corte está conociendo de este asunto.

" 'La excepción previa fué vista y discutida el 17 de marzo de 1930, estando presentes las partes por sus abogados, la corte se reservó su resolución.

" 'El .demandante nació, según alega bajo juramento, el 3 de marzo de 1903; por tanto, arribó a su mayor edad el 4 (*sic*) de marzo de 1924. De acuerdo con el artículo 199 del Código Civil vigente a la fecha del nacimiento del demandante, la acción para reclamar su filiación sólo duró hasta dos años después de haber llegado a la mayor edad. Su acción, por tanto, sólo pudo ser establecida en o antes del tres de marzo de 1926. La demanda se archivó, como hemos dicho, en 28 de febrero de 1929, cuando la acción ya estaba prescrita. Jesús v. Sucn. Pérez Villamil, 18 D.P.R. 403; Orta v. Arzuaga, 23 D.P.R. 259.

" 'Se declara con lugar la excepción previa radicada por el demandado.'

"El apelado sugiere que el caso de Ciuró v. Ciuró, 31 D.P.R. 730, también es aplicable.

"Poco o nada tenemos que agregar a nuestra previa jurisprudencia sobre la materia. Nos parece que las tentativas del apelante simplemente cubren el mismo terreno abarcado por las partes perdidosas en los casos anteriores.

"Debe confirmarse la sentencia.''.

En los casos de *Jesús* v. *Sucesión Pérez Villamil* y *Orta* v. *Arzuaga* que se citan en la opinión que antecede, las personas con derecho a reclamar la filiación nacieron durante la vigencia de la ley XI de Toro, y por lo tanto su derecho a ejercitar la acción quedó extinguido, de acuerdo con la jurisprudencia sentada por este tribunal, con anterioridad a la derogación del artículo 199 del Código Civil Revisado, que decía así:

"La acción para reclamar su filiación dura hasta dos años después de ser el hijo mayor de edad, y se trasmitirá a sus herederos si falleciere en la menor edad o en estado de demencia. En estos casos tendrán los herederos cinco años de término para entablar la acción."

La misma ley que derogó el artículo que antecede, en 1911, aprobó el artículo 194, según el cual las acciones para el reconocimiento de hijos naturales sólo podrán ejercitarse en vida de los presuntos padres o un año después de su muerte, salvo los casos que en dicho artículo se mencionan.

En el caso de *Guadalupe* v. *González* se inició una acción de filiación en 10 de noviembre de 1931. Se probó que la demandante, al radicarse la demanda, tenía de 23 a 25 años de edad, habiendo nacido bajo las disposiciones del artículo 199 del Código Civil anteriormente copiado, y antes de aprobarse, en 1911, el artículo 194 del mismo código. "Siendo ello así," dijo esta corte, "la ley aplicable de acuerdo con la 4ª. de las disposiciones transitorias del Código Civil, sería el artículo 194 de dicho código, tal como fué enmendado en 1911, y como por dicha enmienda se establece que la acción para el reconocimiento podrá ejercitarse en vida de los presuntos padres, o *un año después de su muerte,* y como no había transcurrido un año después de la muerte del presunto padre cuando la acción fué ejercitada en este caso, erró la corte al considerar la acción prescrita."

Es claro que en los casos de *Guadalupe* v. *González* y *González* v. *Rodríguez* el derecho a ejercitar la acción de filiación no había prescrito en 1911, cuando se aprobaron las enmien-

das al Código Civil. Estos casos sostienen criterios opuestos. El primero aplica el artículo 194, aprobado en 1911, y no la ley en vigor cuando nació la demandante, y declara que no ha prescrito la acción; el segundo sostiene que debe aplicarse la ley en vigor cuando nació el demandante y que de acuerdo con esa ley dicha acción sólo duró hasta dos años después de haber llegado a la mayor edad.

No difiere el presente caso de los dos que acabamos de citar. Mateo Ortiz nació en 23 de noviembre de 1902, época en que la ley vigente prescribía que la acción para reclamar la filiación de los entonces nacidos sólo duraba hasta dos años después de haber llegado a su mayor edad. En 1911, cuando se aprobaron las enmiendas al Código Civil, el demandante aún no había cumplido nueve años. Su derecho para reclamar la filiación duraba todavía. La acción no había quedado extinguida por el transcurso del tiempo. El demandante inició este pleito en 18 de febrero de 1930, antes de haber transrrido un año después de la muerte de su presunto padre, quien falleció en 27 de diciembre de 1929. ¿Extendió la nueva ley su derecho para reclamar su reconocimiento hasta un año después de muerto su presunto padre, o quedó este derecho extinguido al cumplir los veintitrés años de edad? Esta es la cuestión que debemos decidir, para que quede así sentado el criterio de este tribunal.

El artículo 1839 del Código Civil dice que la prescripción comenzada antes de la publicación de este código se regirá por las leyes anteriores al mismo; pero si, desde que fuere puesto en observancia, transcurriese todo el tiempo en él exigido para la prescripción, surtirá ésta su efecto, aunque por dichas leyes anteriores se requiriese mayor lapso de tiempo.

Expresa Manresa que el derecho anterior al código rige tan sólo en cuanto favorezca o no perjudique a las prescripciones comenzadas y no terminadas a la publicación del mismo. Luego de expresar este criterio, sujetándose estrictamente a las palabras del artículo anteriormente copiado, que corres-

ponde al 1939 del Código Civil Español, dice así el citado comentarista:

"El fundamento de dicha disposición está en la consideración, que desde luego ofrece el estudio reflexivo de la misma, de que la prescripción comenzada y no concluída no es un derecho creado o adquirido ya, sino una mera expectativa, una esperanza, cuyo cumplimiento o realización depende de una multitud de eventualidades; y como no es un derecho adquirido, no puede estimarse sujeta su regulación a la legislación que antes rigiera y bajo cuyo imperio quedara perfeccionado dicho derecho, o el acto jurídico de que tuviera origen, al que debiera su nacimiento."

Dados los términos en que está redactado el artículo 1839 del Código Civil y dada la naturaleza de la acción ejercitada, entendemos que procede examinar, en relación con los hechos desarrollados en este caso, la cuarta de las disposiciones transitorias para la aplicación del Código Civil.

Es de notarse que el artículo 199 no usa el verbo *prescribir*, sino el verbo *durar*, al referirse al tiempo dentro del cual puede ejercitarse la acción de filiación.

Esta corte, en el caso de *Gual* v. *Bonafoux*, 15 D.P.R. 559, comenta la regla 4ª. de las disposiciones transitorias para la aplicación del Código Civil Español, y aplica el artículo 137 de dicho código a un caso en que las personas que reclamaron su filiación nacieron bajo la Ley XI de Toro. De la opinión emitida en este caso copiamos lo siguiente:

"Pero hayan o no probado los demandantes Luis y Alfonso Gual el reconocimiento de la filiación natural que reclaman, bien con arreglo a la Ley de Toro, interpretada por el Tribunal Supremo de España, bien con arreglo a los preceptos del Código Civil antiguo y del revisado, entendemos que la duración de su acción de reconocimiento debe regirse por el artículo 137 del Código Civil antiguo, el que comenzó a regir en esta Isla a virtud del Real Decreto de 31 de julio de 1889 y que continuó rigiendo hasta que en 1902 fué sustituído por el revisado.

"La regla 4ª de las disposiciones transitorias para la aplicación del Código citado en la parte conducente dice así:

" 'Las acciones y los derechos nacidos y no ejercitados antes de regir el Código subsistirán con la extensión y en los términos que les

reconociera la legislación precedente; pero sujetándose en cuanto a su ejercicio, *duración* y procedimientos para hacerlos valer, a lo dispuesto en el Código.'

"Habiendo nacido el derecho de los demandantes Luis y Alfonso al reconocimiento de hijos naturales antes de regir el Código Civil español y consiguientemente la acción para obtener la declaratoria de ese derecho, derecho y acción deben subsistir con la extensión y en los términos que les reconocía la legislación precedente; pero derecho y acción no pueden *durar* más tiempo que el prevenido por el Código.

"*Extensión* y *términos* entrañan conceptos enteramente distintos del de duración, pues las dos primeras palabras determinan el alcance y virtualidad de un derecho o acción, y la 3ª palabra se refiere al tiempo en que tendrán vida y eficacia. No hay antinomia o contradicción en los preceptos de la regla 4ª que dejamos transcrita. Si alguna duda pudiera surgir sobre su significación y sentido, la encontramos desvanecida en la exposición de motivos del Código Civil Español cuando dice:

" 'Pero si es justo respetar los derechos adquiridos bajo la legislación anterior, aunque no hayan sido ejercitados, ninguna consideración de justicia exige que su ejercicio posterior, su *duración* y los procedimientos para hacerlos valer se eximan de los preceptos del Código.'

"El artículo 137 a que nos hemos referido está concebido en los términos siguientes:

" 'Las acciones para el reconocimiento de hijos naturales sólo podrán ejercitarse en vida de los presuntos padres, salvo en los casos siguientes:

" '1º. Si el padre o la madre hubiesen fallecido durante la menor edad del hijo, en cuyo caso éste podrá deducir la acción antes de que transcurran los primeros cuatro años de su mayor edad.

" '2º. Si después de la muerte del padre o de la madre apareciese algún documento de que antes no se hubiese tenido noticia, en el que reconozcan expresamente al hijo.

" 'En este caso, la acción deberá deducirse dentro de los seis meses siguientes al hallazgo del documento.'

"Según los hechos consignados por el juez inferior en su opinión, el demandante Luis Gual nació el día 11 de octubre de 1868 y su presunto padre Tomás Gual y Silvén falleció en 8 de enero de 1895, en cuya fecha, por tanto, aquél era mayor de edad con arreglo al artículo 320 del Código citado, por haber cumplido 23 años.

"Siendo ello así, Luis Gual no pudo ejercitar la acción para el reconocimiento de su filiación natural desde que murió Tomás Gual en 8 de enero de 1895, cuando regía en esta Isla el Código Civil español.

"En cuanto al otro demandante Alfonso Gual, como nació en 7 de diciembre de 1874 y no había cumplido 23 años cuando murió Tomás Gual en 8 de enero de 1895, pues esa edad la hubiera cumplido en 7 de diciembre de 1897, es claro que pudo ejercitar la acción para el reconocimiento de su filiación natural hasta cuatro años después o sea hasta el 7 de diciembre de 1901, en cuya fecha quedó extinguida dicha acción a virtud del precepto que contiene el número 1º. del artículo 137 del Código Civil antiguo que dejamos transcrito.

"Y si Luis y Alfonso Gual, con arreglo al Código Civil español sólo pudieron ejercitar la acción para el reconocimiento de su filiación natural, el 1º. en vida de su padre y el 2º. hasta el 7 de diciembre de 1901, dicha acción no ha podido revivir para ser ejercitada en 9 de abril de 1907 en que fué presentada la demanda.''

En la decisión que acabamos de citar, esta Corte Suprema, interpretando la regla 4ª. de las disposiciones transitorias, aplica la ley posterior para declarar extinguida una acción que comenzó a prescribir, de acuerdo con la jurisprudencia sentada en repetidas decisiones de este tribunal, bajo la Ley XI de Toro. Es verdad que se aplica esta ley posterior, limitando el derecho al ejercicio de la acción en cuanto al tiempo, y que no se trata de un caso en que se haya extendido el período de tiempo fijado a la prescripción por la ley precedente. Pero no creemos que la regla 4ª. deba interpretarse en el sentido de favorecer exclusivamente a la persona a quien pueda beneficiar la prescripción. Las palabras de la regla son claras, y puesto que no se advierte en ellas ninguna limitación, no deben interpretarse restrictivamente, sobre todo para cercenar a un hijo el derecho de reclamar su filiación. La regla referida no establece distinciones y no deben establecerse si no surgen de su interpretación.

Esta corte ha dicho que las palabras *extensión* y *términos* determinan el alcance y virtualidad de un derecho de acción y que la palabra *duración* se refiere al tiempo en que tendrán vida y eficacia. El artículo 199, que ha sido derogado, fijaba

el tiempo que había de durar la acción, y la regla 4ª. dice que las acciones y los derechos que en la misma se determinan, aunque se rigen por la legislación precedente, quedan sujetos, en cuanto a su ejercicio, duración y procedimientos para hacerlos valer, a lo dispuesto en el código. Si a tenor del artículo 199 la acción para reclamar la filiación duraba hasta dos años después de haber alcanzado el hijo la mayor edad, y el ejercicio y duración de una acción están sujetos a lo dispuesto en el código, entendemos que debe tener aplicación lo que el código últimamente haya dispuesto para determinar si esa acción dura o no, si está viva todavía, o si ha quedado extinguida por el transcurso del tiempo.

El carácter retroactivo de la regla 4ª., aplicado al presente caso, no perjudica ningún derecho adquirido, porque en 1911, cuando fué enmendado el Código Civil, subsistía la acción de Mateo Ortiz en toda su fuerza y vigor, y si no se había extinguido y su extinción dependía del transcurso del tiempo, la mera expectativa o esperanza de que habla Manresa, cuyo cumplimiento o realización depende de una multitud de eventualidades, no se había convertido en un derecho creado al entrar en vigor las enmiendas al Código Civil.

Opinamos que debe prevalecer la doctrina sentada por esta corte en el caso de *Guadalupe* v. *González,* supra, y que no ha prescrito la acción ejercitada.

*Debe revocarse la sentencia apelada, y devolverse el caso a la corte inferior para procedimientos ulteriores de acuerdo con los términos de esta opinión.*