Ramón Morales Solá, demandante y apelante, *v.* The Federal Land Bank of Baltimore, demandado y apelado.

Núm. 7926.—*Sometido:* Diciembre 20, 1939. *Resuelto:* Mayo 24, 1940.

---

* Nota: Véase el prefacio.

860

*Federico Virella* y *Carlos D. Vázquez*, abogados del apelante; *Frank Martínez, Antonio R. Barceló* y *Sebastián García Díaz*, abogados del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF emitió la opinión del tribunal.

En 1926 el demandante Ramón Morales Solá, su esposa e hijos, residían en una casa ubicada en una finca de 34 cuerdas perteneciente a ellos. El 15 de mayo de dicho año el demandante y su esposa hipotecaron la referida finca al Federal Land Bank of Baltimore para garantizar la suma de $2,200, intereses al 6%, etc. Esta suma no fué pagada a su vencimiento y el banco procedió a ejecutar la hipoteca. El caso fué posteriormente trasladado a la Corte de Distrito de los Estados Unidos para Puerto Rico y la propiedad fué allí vendida y adjudicada al banco en pago de su crédito, ascendente a $2,713. La subasta tuvo lugar el 18 de septiembre de 1936.

El presente litigio es en cobro de la suma de $500 que el demandante reclama en concepto de hogar seguro. El pleito fué iniciado el 11 de agosto de 1937 y la demanda enmendada presentada el 6 de julio de 1938. El pleito fué entablado en la Corte de Distrito de San Juan. Se adujeron varias defensas y el 2 de noviembre de 1938 la corte de distrito, luego

de sostener una excepción previa, dictó sentencia declarando sin lugar la demanda.

El motivo principal de la sentencia fué que la acción para reclamar el derecho de hogar seguro había prescrito, de conformidad con la sección 6 de la Ley núm. 87 de 1936 (Leyes de ese año, pág. 461, que lee:

"En caso de no formularse reclamación alguna ante el oficial encargado de verificar la subasta, la persona con derecho a la reclamación de *homestead* podrá dentro del término de sesenta (60) días, contados desde la fecha en que la subasta se celebró, entablar acción ordinaria correspondiente."

En apelación el primer señalamiento de error lee como sigue:

"Primero. La Honorable Corte sentenciadora cometió error al aplicar a este caso las disposiciones de la Ley núm. 87 que empezó a regir el 13 de agosto de 1936, y al no resolver el mismo de acuerdo con la ley aprobada el 12 de marzo de 1903 que regía cuando se celebró el contrato de hipoteca que culminó en la venta de la finca en la cual tenía el demandante constituído su hogar seguro."

El fundamento principal de la parte apelante es, según hemos dicho, que el estatuto aplicable no es la ley de 1936 sino la de 1903. La de 1936 es la que rige hoy en día y fué la intención de la Asamblea Legislativa que ella se aplicara a todos aquellos casos en que una persona tuviera un derecho de hogar seguro. Necesariamente, la inmensa mayoría de los derechos de hogar seguro no han llegado al punto de ser ejecutados o reclamados, y esto era así en 1936. Por consiguiente, la ley de 1936 era en todos sus términos aplicable a la persona corriente que alegara tener un derecho de hogar seguro, y ello era así aunque la potencialidad del derecho ya existiera o fuera a crearse posteriormente.

El principio es bastante claro de que el término prescriptivo de una causa de acción puede ser modificado a voluntad de la Asamblea Legislativa, siempre que se conceda un término razonable para radicar el litigio. *Rijos* v. *Folgueras,* 16 D.P.R. 624, 628; *Jesús* v. *Sucn. Pérez,* 18 D.P.R.

403; *Santiago* v. *Sucn. Matta,* 19 D.P.R. 169; *Terry* v. *Anderson,* 95 U.S. 632. Más especialmente, el artículo 1839 del Código Civil (ed. de 1930) provee:

"La prescripción comenzada antes de la publicación de este código se regirá por las leyes anteriores al mismo; pero si, desde que fuere puesto en observancia, transcurriese todo el tiempo en él exigido para la prescripción, surtirá ésta su efecto, aunque por dichas leyes anteriores se requiriese mayor lapso de tiempo."

Sostuvimos este principio en el caso de *Ortiz* v. *Sucn. Stella,* 47 D.P.R. 117. Véanse también *Kuinlam* v. *Meléndez,* 6 D.P.R. (segunda edición) 231, y *Terry* v. *Anderson,* 95 U.S. 628, supra.

■ El segundo señalamiento de error lee así:

"Segundo. La corte *a quo* erró al resolver que la sección sexta de la ley sobre hogar seguro que comenzó a regir el 13 de agosto de 1936 establece un término fatal de sesenta días para el ejercicio de la acción reclamando el derecho de hogar seguro y cuyo término no está sujeto a las reglas relativas a la interrupción del término prescriptivo."

La ley de 1936 hizo varias cosas para proteger el derecho de hogar seguro, mas aparentemente abolió todo otro remedio, excepto la reclamación de $500 si la propiedad en cuestión se vendía por una suma en exceso de esa cantidad.

■ La ley de 1936 protegía el derecho de hogar seguro y prohibía toda renuncia o abandono del mismo. A su vez y *ut finis sit litium* la Asamblea Legislativa fijó el período dentro del cual debía entablarse el pleito.

Mas el apelante sostiene que el término prescriptivo fué interrumpido por reclamaciones extrajudiciales, conforme se alegaba en la demanda. El derecho de hogar seguro está sujeto a la voluntad de la Asamblea Legislativa y la limitación aquí puesta no varía por reclamaciones extrajudiciales, de haberse hecho éstas. Así hemos considerado el término de prescripción bajo el derecho de retracto y resuelto que tal derecho no podía ejercitarse una vez transcurrido el período fijado por el estatuto. *Felici* v. *Ribas,* 11 D.P.R.

539. El estatuto es una limitación al período concedido para ejercitar el remedio.

Hemos tenido un poco más de dificultad con la cuestión de si los sesenta días mencionados en la Ley núm. 87 eran un período fatal y si abolían totalmente la reclamación por la suma de $500 que se hace en este recurso. La ley de 1936 es comprensiva en sus términos y deroga enteramente la de 1903. Su propósito fué cubrir todo el campo y en ella vemos la intención por parte de la Asamblea Legislativa de hacer que el reclamante del derecho de hogar seguro actúe con razonable prontitud. No estamos considerando ahora los casos en que un apelante trata de suscitar la cuestión de que no fué debidamente notificado de la subasta, de los fraudes o de otras cuestiones que son materia de excepción.

*Debe confirmarse la sentencia apelada.*

El Juez Asociado Sr. Hutchison disintió.*

El Juez Asociado Sr. De Jesús no intervino.